JOHN I. GOODRICH, Respondent, v. JOHN GILLIES, Appellant, Impleaded with Others, Defendants.

*New York consolidation act — evidence required to sustain a lien filed under section 1824 of chapter 410 of 1882 — effect of neglecting to state that a case contains all the evidence.*

In order to entitle a party to file a lien, under section 1824 of the consolidation act, relative to the city of New York (chap. 410 of the Laws of 1882), he must either have performed labor or furnished material towards the performance or completion of a contract made with the city; and such work must be performed, or such material used, in the execution and completion of the contract. A finding by the court that a person had a contract with the city, and that another furnished materials to him, is not enough.

Where a case does not contain a statement that all the evidence given upon the trial of an action is contained within it, the questions of fact are not before the General Term for review.

Appeal by the defendant John Gillies from a judgment, entered in the office of the clerk of the city and county of New York on the 21st day of May, 1891, upon a recovery by the plaintiff of $571.74 damages and for costs, and adjudging the same to be a lien upon certain moneys payable under a certain contract made by the defendant, John Gillies, with the defendant, the Mayor, Aldermen and Commonalty of the City of New York, acting by the department of docks of the said city of New York, for building a wooden pier and making certain changes and improvements at Pier 61, on the East river, in the said city of New York, which said contract bears date the 25th day of April, 1889, and which said moneys withheld under the said contract amount to the sum or balance of $750.

The judgment appealed from was entered after a trial, by the court without a jury, at the New York Special Term.

*Thomas F. Magner,* for the appellant.

*G. S. Hastings,* for the respondent.

VAN BRUNT, P. J. :

This action was brought to foreclose an alleged lien of the plaintiff, upon moneys in the hands of the comptroller of the city of New York, and due from said city to the defendant Gillies, upon a contract between him and the city, to build a pier and bulk-head at the foot of Rivington street, East river.

Upon the trial of the action the court found that the plaintiff was a dealer in builders and contractors' materials, having a place of business in the city of New York; that on the 23d of April, 1889, the plaintiff made a proposal to the defendant Gillies to furnish certain material; that on the twenty-sixth of April the defendant Gillies accepted the proposal with a modification; that, in pursuance of the agreement, the plaintiff did furnish and deliver to the defendant Gillies certain sticks of timber and material of a certain value ; that the defendant Gillies has failed to pay the claim of the plaintiff for said merchandise, and that there was justly due on the 15th of July, 1889, for the material delivered by the plaintiff, and accepted by the defendant Gillies, a sum stated ; that the defendant Gillies had, at the time of the agreement and delivery of the merchandise pursuant to the agreement, and at the time of filing the notice of claim thereinafter mentioned, entered into a certain contract with the defendant, the mayor, etc., for building a wooden pier on the East river ; and that at the time of the filing of the notice of claim by and on behalf of the plaintiff, as thereinafter set forth, certain moneys in the control of the defendant, the mayor, etc., were due and to grow due to the defendant Gillies under said contract; that on or about the 15th of August, 1889, before the completion of the whole work to be performed by the defendant Gillies, and while said moneys were due and owing to said defendant Gillies on account of said work of construction, the plaintiff duly filed a notice of his claim in the form required by law for the perfecting of a lien against the city of New York upon the said moneys so due to said defendant Gillies; that the comptroller of said city duly entered the claim described in said notice in a book kept for that purpose by him,

called the lien-book, and that neither the lien nor the claim upon which the same is founded had been paid, waived, satisfied or discharged; and that no other proceedings had been commenced for the foreclosure of said lien or the recovery of said demand; and that one Murray had some interest in or lien upon the moneys, which was subsequent to the plaintiff's. And the court, as conclusion of law, adjudged that the plaintiff had a lien to the extent of the value of the merchandise furnished, upon the money due on said contract between the mayor, etc., and the defendant Gillies, with costs, and the defendant, the mayor, etc., and the comptroller of said city were adjudged to pay to said plaintiff the amount due to said defendant Gillies.

From this judgment this appeal is taken by the defendant Gillies. Various objections in support of the appeal were urged arising upon the evidence which it was claimed was introduced upon the trial, and brought up by exceptions to the findings of the court. But as we have been unable to find in the case any statement that all the evidence given upon the trial is contained within it, questions of fact are not before the General Term for review; and the only questions which we can properly consider are those of law. (*Howland* v. *Howland*, 20 Hun, 472; *Spence* v. *Chambers*, 39 id., 193; *Davis Sewing Machine Co.* v. *Best*, 50 id., 76; *Wellington* v. *C. C. and I. C. Co.*, 52 id., 408; *Murphy* v. *Board of Education*, 53 id., 171; *Brayton* v. *Sherman*, 28 N. Y. State Rep., 854; *Porter* v. *Smith*, 107 N. Y., 531; *Halpin* v. *Phenix Ins. Co.*, 118 id., 165; *Aldridge* v. *Aldridge*, 120 id., 614.)

There are no questions of law presented by exceptions to evidence. But the exceptions to the conclusions of law of the learned court bring up for review the question as to whether the facts found by the court sustain those conclusions, and it will be seen by a brief examination of the law under which this lien is claimed that they do not.

Section 1824 of chapter 410 of the Laws of 1882 provides as follows:

"Any person or persons who shall hereafter as laborer, mechanic, merchant or trader, in pursuance of or in conformity with the terms of any contract made between any person or persons, and the city,

perform any labor or furnish any material toward the performance or completion of any contract made with the city, on complying with the next section, shall have a lien for the value of such labor or material, or either, upon the moneys in the control of the city, due or to grow due upon said contract with said city to the full value of such claim or demand."

The next section reads as follows : " At any time before the whole work to be performed by the contractor for the city is completed or accepted by the city, and within thirty days after the same is so completed or accepted, any claimant may file with the head of the department or bureau having charge of said work, and with the comptroller, notices stating (among other things), that the work was done or materials were furnished to the said contractor, and were actually performed or used in the execution and completion of the said contract with said city ; but no variance as to the name of the contractor shall affect the validity of the said claim or lien."

Then follow various provisions in reference to the docketing of the lien, and a provision that any claimant who has filed the notice in question may enforce his lien against the fund therein designated, and against the person or persons liable for the debt, by a civil action in any court of competent jurisdiction.

It will thus be seen that, in order to entitle a party to file a lien, he must either have performed labor or furnished material toward the performance or completion of a contract made with the city ; and such work must be performed or material used in the execution and completion of the contract. And these requisites are absolutely essential to the existence of a lien, and in their absence no lien can be acquired. It is, therefore, necessary, in order to establish a lien as against the fund, to establish these facts ; and in order to entitle the court to grant a judgment enforcing the lien these facts must appear.

In the findings of the learned court, upon which the judgment in this action was based, there is no finding that a single particle of this merchandise which was furnished by the plaintiff to the defendant Gillies was furnished towards the performance or completion of any contract made with the city, or that any part of these materials were used in the execution and completion of any contract with the city.

It is true the court found that the defendant Gillies had a contract with the city, and that the plaintiff furnished material to the defendant, but there is no intimation or finding that this material was furnished for the completion of that contract or had any connection with it; except, perhaps, as it is stated in the lien filed, that all of the materials specified therein had actually been used in the execution and completion of the contract between the defendant Gillies and the city. But this allegation of the notice of claim is not found by the court to be true, and the findings are silent in this respect.

It is undoubtedly true that the court may look into the evidence to support a judgment where there is no express finding upon a particular point. (*Marvin* v. *Iron Mining Co.*, 55 N. Y., 547.) But as the case at bar, as already stated, nowhere shows, upon its face, that all the evidence is contained in the record, the court cannot examine this imperfect record for the purpose of determining whether there is evidence sufficient to justify the finding which is necessary to support the judgment. Upon this point, therefore, the appeal comes up upon the judgment-roll alone.

We think, therefore, that, without a finding showing that the material was actually used in the work of the city, no lien could be filed, and the plaintiff was not entitled to a judgment impressing a lien upon the funds of the defendant Gillies in the hands of the city.

The judgment should be reversed and a new trial granted, with costs to appellant to abide the event.

BARRETT and DANIELS, JJ., concurred.

Judgment reversed and new trial granted, with costs to the appellant to abide event.