JOHN I. GOODRICH, Respondent, v. JOHN GILLIES, Appellant, Impleaded with the MAYOR AND OTHERS OF THE CITY OF NEW YORK and Another, Defendants.

*Mechanic's lien — it cannot be enforced where the lienor knew it to be false when filed — secs. 1824 to 1838 of chap. 410 of 1882.*

John I. Goodrich, who was a sub-contractor under John Gillies, a contractor engaged in building a pier and bulk-head, for the city of New York, furnished to the work certain piles, and thereafter filed a lien for the whole number of piles furnished, although when he filed it he well knew that he was filing a lien for an amount far in excess of the value of the material which actually went into the work, as certain of the piles had been, to his knowledge, rejected by the inspector of the work, and the court found as a fact that not much more than one-third of the piles furnished, and for the value of which the lien was filed, by Goodrich were, in fact, used.

On appeal from a judgment in his favor for a portion of the amount claimed by him:

*Held,* that as the notice of lien was false, and was known by Goodrich to be false when he filed it, he could not recover anything.

That it is a general principle that statutory liens must be truthful in their statements: and that when they are not so the courts will not enforce them.

That the only variance in a lien permissible under the consolidation act (§§ 1824–1838 of chap. 410 of 1882) was specified in section 1825, which provides that a variance in the name of the contractor should not invalidate it.

That mere error in a lien, made without a fraudulent intent, might present a different question.

Appeal by the defendant John Gillies from a judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 21st day of July, 1892, in favor of the plaintiff and against the defendant John Gillies, upon a recovery of $285.60, and interest and costs, after a trial before the court at the New York Special Term.

The judgment decreed this sum to be a lien upon the moneys, payable to John Gillies under a contract made by him with the city of New York, and directed its payment from the moneys due John Gillies and withheld by the city.

The plaintiff John I. Goodrich, who was a sub-contractor furnishing materials to the defendant John Gillies, a contractor, with his co-defendant, the City of New York, for the construction of a certain pier and bulk-head, filed a notice of lien, to foreclose which this action was brought.

*Thomas F. Magner,* for the appellant.

*George S. Hastings,* for the respondent.

LAWRENCE, J.:

This cause was before the General Term on an appeal from a judgment rendered at Special Term in December, 1891. That judgment was reversed, as appears from the opinion then delivered, on the ground that it did not appear that the merchandise, which was the subject of the lien, or any part of it, had been used towards the performance or completion of a contract made with the mayor, aldermen and commonalty of the city of New York, and that, therefore, a case was not made out entitling the plaintiff to a lien under the provisions of section 1824 of the consolidation act. (62 Hun, 479.)

The court, on the trial, which resulted in the judgment from which the present appeal is taken, found, as matter of fact, that, of the material contracted to be sold and delivered by the plaintiff to the defendant, fifty-one pine sticks, of the value of five dollars and sixty cents each, were actually used by the defendant in the execution and completion of the contract between the defendant and the city of New York; and, also, that the whole amount of the sticks delivered by the plaintiff to the defendant amounted to 141. There were fourteen other sticks for which the plaintiff also claimed a lien, and the amount for which such lien was claimed was stated in the notice to be, after deducting all just credits and offsets, the sum of $650.14, with interest. It was found by the court that the value of the 141 pine sticks delivered by the plaintiff, after deducting a payment on account thereof of $161.86, was and is the sum of $571.74. It was also found, as matter of law, that the plaintiff was only entitled to a lien for $285.60, being the value of the fifty-one sticks aforesaid, with interest.

Although the court found that but fifty-one sticks, out of the 155 claimed by the plaintiff to have been delivered to the defendant, were used in the execution and performance of the contract with the city, it is found that the plaintiff filed a notice of lien with the city officers, claiming that there was due and owing to him at the time of such filing, after deducting all just credits and offsets, the full sum of $650.41. In other words, plaintiff filed a claim for much

more than double the sum due to him for materials furnished by him, which were used in the performance of the contract. The evidence of the plaintiff himself, taken upon the trial, conclusively shows that he must have known, at the time he filed the notice of lien, that the amount claimed by him was not the true amount due and owing to him, for which he was entitled to a lien. He claims in his notice that all the materials were actually used in the execution of the contract with the city. In his testimony he admits that the fourteen sticks aforesaid were rejected, and that they were not used in the performance of the contract, and he admits that, knowing this fact, he, notwithstanding, filed a notice of lien in which the value of those sticks was included as a part of his claim against the defendant. It also appears from his testimony that the third installment of thirty-five piles, which he delivered on the 28th of June, 1889, were not used in the construction of the pier. He states that he agreed to take four dollars apiece for that installment of piles, or one dollar and sixty cents less than the orignal agreed price. He was asked: "Why did you agree to throw off that $1.60 on those piles?" and his answer was: "Because it was better to do that than have the expense of moving them anywhere else; * * * I agreed to take them away, because he said ho could not use them; I had to take them away; * * * I agreed to throw off $1.60 on every one of them, and then he took the whole lot rather than take the other third of them away; the other third was not so poor that I had to deduct something; I knew that I would have to take away one-third, because the inspector rejected them, and they could not go in the work."

It also appears that he knew that a subsequent lot, sent on the tenth of July, did not go into the construction of the pier, because, in his letter of July first, referring to short sticks in the last lot of thirty-five, which were rejected by the defendant, he states that he has another lot of the same kind which we will send and expect the defendant to take. It is very clear, from other portions of the testimony of the plaintiff, that he also knew, at the time he filed his notice of lien, that other sticks of the timber which formed the subject of this lien did not go into the construction of the pier, and yet he filed a notice of lien which covers every stick of timber, whether accepted or rejected by the defendant.

A party should not be allowed to proceed in this manner, and unless there is something in the lien law, contained in the consolidation act, which precludes us from so doing, we should, under such circumstances, prevent the plaintiff from enforcing a lien for any sum whatever. Liens of this character rest and must find support entirely upon the statutes authorizing them. (*Benton* v. *Wickwire*, 54 N. Y., 226.) And it has always been held that the notices of lien filed under such statutes must comply with the terms of the statute and must be truthful in their statements, and, under the general mechanics' lien law, it has been held that a notice of lien, which did not correctly state the name of the debtor, could not effect a valid lien nor sustain proceedings for its enforcement. (Kneeland on Mechanics' Liens [2d ed.], § 163.)

It was also held by the General Term of this department, in *Foster* v. *Schneider* (50 Hun, 151), that, under chapter 342 of the Laws of 1855, relating to mechanics' liens, which requires the notices filed with the clerk to contain a statement whether all the work for which the claim is made has been actually performed or furnished, and if not, how much of it, a notice which fails to state how much of the work under the contract remains to be performed, but states that it has all been performed, when, in fact, it has been only partly performed, does not entitle the claimant to a lien. In that case, Judge DANIELS, in delivering the opinion of the court, said : " It cannot be said that a misrepresentation of this description would not invalidate the proceeding, for the legislature, as a part of the proceeding by which the lien is to be secured, has provided otherwise. It was intended in this manner to exact a truthful statement of the facts to be contained in the notice, and that probably was intended should be for the benefit of other claimants as well as of the owner of the property and the truthful information of the court. And the courts can no more dispense with the observance of this requirement in the making and filing of the notice than they can with that of any other direction required to be observed for the purpose of creating a lien upon the property." (See, also, cases cited by DANIELS, J., in *Gaskell* v. *Beard*, 58 Hun, 107.)

Sections 1824 to 1838 of the consolidation act provide for the filing of liens by persons who may perform any labor or furnish

any material toward the performance or completion of any contract made with the city. And section 1825 of that act prescribes that "at any time before the whole work, to be performed by the contractor for the city, is completed or accepted by the city, and within thirty days after the same is so completed or accepted, any claimant may file with the head of the department or bureau having charge of said work, and with the comptroller, notices stating the residence of the claimant, verified by his oath or affirmation, stating the amount claimed, from whom due, and, if not due, when it will be due, giving the amount of the demand, after deducting all just credits and offsets, with the name of the person by whom employed or to whom materials were furnished; also a statement of the terms, time given, conditions of his contract; and also that the work was done or materials were furnished to the said contractor, and were actually performed or used in the execution and completion of said contract with said city; but no variance as to the name of the contractor shall affect the validity of the said claim or lien." It will thus be perceived that the statute provides that a variance in the name of the contractor shall not affect the validity of a claim or lien. This was probably inserted in the act because, as has already been stated, under former decisions under the mechanics' lien law it had been held that such a variance would be fatal to the notice of lien. Section 1825 of the consolidation act does not make any other exception.

The case of *Gaskell* v. *Beard* (58 Hun, 101) holds that, under the consolidation act (Laws of 1882, chap. 410, § 1825), if, in a notice of lien filed thereunder, a person, without any fraudulent intent, or through mistakes on the part of those having in charge the details of the business, claims a larger amount in the notice of lien than is shown by the evidence to be due to him, the lien in such case may be enforced, notwithstanding the error in the amount claimed in the notice. We do not regard that case as being applicable to the case at bar, for the reason that the plaintiff admits that at the time he filed his notice of lien he knew that a large proportion of the materials furnished by him had not been used in the performance of the contract with the city; that a portion of such materials had been rejected by the contractor, and that he had sold other portions thereof for other purposes than for the performance of the contract

with the city. Under such circumstances, we think that the plaintiff willfully and fraudulently misrepresented, in his notice of lien, the amount which was due to him, and that, therefore, he should not be allowed to obtain a lien for the fifty-five sticks which were the only portion of the materials furnished by him that was used in the execution of the contract. In other words, we think it is our duty so to construe this statute as to prevent parties from obtaining a lien by following in their notice the language of the statute, when they know that the proof which they must give, when an action is brought for the enforcement of the lien, must fail to establish that they are entitled to more than a small portion of the sum for which the lien is claimed. To permit such a practice would be to enable a sub-contractor to fraudulently, and by means of his own wrong, prevent the contractor with the city from obtaining his money, and aid him in forcing a settlement of a demand to which the contractor may have, as he claims in this case to have, an ample and substantial defense.

We think that the plaintiff has failed to show, by his evidence, that, under the notice of lien as actually filed by him, he was entitled to a lien upon the moneys in the hands of the comptroller, and that he should be remitted to his ordinary action at law to establish such claim as he may have against the defendant.

The judgment below must be reversed, and a new trial ordered, with costs and disbursements to the appellant to abide event.

Van Brunt, P. J., and O'Brien, J., concurred.

Judgment reversed and new trial ordered, with costs and disbursements to the appellant to abide event.