John I. Goodrich, Respondent, *v.* John Gillies, Appellant, Impleaded with the Mayor, Aldermen and Commonalty of the City of New York and Another.

*Mechanic's lien — an error in stating the amount due, if·not fraudulent, does not render it invalid.*

While section 1825 of chapter 410 of the Laws of 1882 provides that the notice therein specified shall give " the amount of the demand after deducting all just credits, offsets," etc., still if, without fraudulent intent and through mistake, an error be made therein in stating the amount of the demand, the mechanic's lien may be enforced notwithstanding the error.

Appeal by the defendant, John Gillies, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 5th day of April, 1894, upon the decision of the court, rendered at the New York Special Term, adjudging that the plaintiff has a lien· upon certain money and fixing the amount thereof.

*Thomas F. Magner*, for the appellant.

*George S. Hastings*, for the respondent.

PARKER, J.:

This suit, which has for its purpose the foreclosure of a lien upon moneys in the hands of the comptroller of the city of New York, due from the city to the defendant Gillies, upon a contract to build a pier and bulkhead at the foot of Rivington street, East river, has been subjected to some reverses on its way to a final determination.

A judgment rendered in favor of the plaintiff by the Special Term was reversed in this court, because of the absence of a finding that the materials for which plaintiff had recovery were furnished towards the performance or completion of the contract with the city, or that any portion of them were used in the execution and completion of such contract. (*Goodrich* v. *Gillies*, 62 Hun, 479.)

The retrial also resulted favorably to the plaintiff, but an appeal being taken to this court, it was reversed on the ground that the plaintiff, with full knowledge of the facts, filed a notice of lien for a larger sum than the agreed price of the materials used by the defendant in the performance of his contract with the city. (*Goodrich* v. *Gillies*, 66 Hun, 422.)

The Special Term upon a third trial again rendered a judgment in favor of the plaintiff, and it is now the subject of review. The record agrees with the former one in so far as it was made to appear that the lien was filed for a larger amount than was due to the plaintiff for materials which were actually used in the work which was the subject of contract between the contractor and the city.

The findings of fact, however, upon which this judgment is founded are materially different in an important respect, and so is the evidence tending to support them. One finding is to the effect that the " plaintiff had reason to believe that all of the materials described in said notice of lien had been actually used by the defendant John Gillies in the completion of the said contract of said defendant John Gillies with the defendants the Mayor, Aldermen and Commonalty of the City of New York."

The next finding asserts that plaintiff had been so informed by his agent, and the third, that the plaintiff believed at the time of making and filing the notice that it was in all respects true. These

findings bring the case within the authority of *Gaskell* v. *Beard* (58 Hun, 101), where it was held that while the statute (Laws of 1882, § 1825, chap. 410) provides that the notice shall give "the amount of the demand after deducting all just credits, offsets," etc., still, if without fraudulent intent and through mistake an error be made in stating the amount of the demand, the lien may be enforced notwithstanding the error. It follows that the judgment must stand, unless it is the duty of the court to reverse the findings of fact to which we have referred. With that thought in mind we have attentively examined the evidence, and as a result have reached the conclusion that the rules which should guide this court in reviewing questions of fact protect the findings from reversal.

The judgment should be affirmed, with costs.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Judgment affirmed, with costs.