CHARLES AESCHLIMANN et al., Appellants, *v.* THE PRESBYTERIAN HOSPITAL et al., Respondents, Impleaded with Others.

1. MECHANICS' LIEN — RIGHTS OF SURETIES UPON BOND GIVEN TO DISCHARGE IT.  Sureties upon a bond given to discharge a mechanics' lien may defend an action against themselves and their principals to foreclose it, in which the judgment demanded is in form against the property represented by the bond, may set up any legal or equitable defense which would have availed the principals, and may establish it by proof, and are not precluded from contesting an unjust, false and exaggerated claim, by the default of the principals in failing to defend it.

2. EFFECT OF WILLFUL AND INTENTIONALLY FALSE STATEMENTS IN NOTICE OF LIEN.  Where in such an action it appears that the plaintiffs enormously exaggerated their claim and intentionally and by pretense of a fictitious contract sought to enforce and establish a false and fabricated demand, no recovery can be had against the sureties upon the bond, since, where a party inserts in a notice of mechanics' lien statements of fact which are not only untrue, but are willfully and intentionally false in some important or material respect, he thereby forfeits the right to a lien and renders the notice void or ineffectual.

*Aeschlimann* v. *Presbyterian Hospital,* 29 App. Div. 630, affirmed.

(Argued November 28, 1900; decided January 22, 1901.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June

10, 1898, unanimously affirming a judgment in favor of defendants entered upon a dismissal of the complaint by the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*George Putnam Smith* and *Henry A. View* for appellants. The court erred in holding that the sureties were at liberty to defend the action as fully as the contractors might have done if they had not made default. (*Ward* v. *Kilpatrick*, 85 N. Y. 413; *Morton* v. *Tucker*, 145 N. Y. 244; *Ringler* v. *Matthiessen*, 17 App. Div. 374; *Sullivan* v. *Goodwin*, 30 App. Div. 194; *Reilly* v. *Poerschke*, 19 Misc. Rep. 616; *Lauer* v. *Dunn*, 115 N. Y. 405; *Brown* v. *Welch*, 5 Hun, 582; *Sullivan* v. *Decker*, 1 E. D. Smith, 699; *Wibling* v. *Powers*, 25 Mo. 600; L. 1885, ch. 342; *Parsons* v. *Moses*, 40 App. Div. 58.) The court erred in holding that the notice of lien was fraudulent. (*Gaskell* v. *Beard*, 58 Hun, 101; *Goodrich* v. *Gillies*, 66 Hun, 422; *McPherson* v. *Walton*, 42 N. J. Eq. 282; *Gibbs* v. *Hanchette*, 90 Mich. 657; *Stubbs* v. *R. R. Co.*, 65 Iowa, 513; *Foster* v. *Schneider*, 50 Hun, 151; *Close* v. *Clark*, 16 Daly, 91.)

*Frederic E. Perham* for respondents. The willful and intentional false statements in plaintiffs' notice of lien were properly held to vitiate the lien and to bar any recovery in this action. (Boisot on Mechanics' Liens, § 425; *Rose* v. *Paper Works*, 29 Conn. 256; *Stubbs* v. *R. R. Co.*, 65 Iowa, 513; *Jones* v. *Keen*, 115 Mass. 170; *Lynch* v. *Cronan*, 6 Gray, 531; *Gibbs* v. *Hanchette*, 90 Mich. 657; *Uthoff* v. *Gerhard*, 40 Mo. App. 256; *McPherson* v. *Walton*, 42 N. J. Eq. 282; *Goodrich* v. *Gillies*, 66 Hun, 422; *Foster* v. *Schneider*, 50 Hun, 151; *Close* v. *Clark*, 16 Daly, 91.) The sureties were properly allowed to defend the action. (1 Wait's Act. & Def. 700; 24 Am. & Eng. Ency. of Law, 807; Brandt on Surety. & Guar. § 250; *Jewett* v. *Crane*, 35 Barb. 208; *Hoffman* v. *Steinau*, 34 Hun, 239; *Supervisors* v. *Dorr*,

1 Den. 268; *Lyon* v. *Tallmadge*, 14 Johns. 500; *Parsons* v. *Moses*, 40 App. Div. 58.)

Martin, J.    This was in form an action to foreclose a mechanic's lien filed by the plaintiffs as sub-contractors under the defendants·Smyth and Robinson, the original contractors with the Presbyterian Hospital.    It was, in fact, an action upon a bond given to procure a discharge of the plaintiffs' lien, in which the defendants Smyth and Robinson were principals and the defendants Dunn and Hutkoff were sureties.

The lien was to secure payment for work and materials performed and furnished by the plaintiffs upon property owned by the hospital.    It was based upon an agreement between the original contractors and the plaintiffs, whereby the latter agreed, for $3,900, to do all the mosaic tiling in the corridors and operating pavilion of the hospital strictly in accordance with plans and specifications which were a part of the contract.    It was also based upon a claim that certain work and materials had been furnished for that purpose, which were reasonably worth the sum of $5,575.40; that an increased expense had been incurred in the employment of laborers amounting to four hundred dollars, one-half of which the defendants Smyth and Robinson agreed to pay, and upon a claim for extra work performed by the plaintiffs in relaying the mosaic floor in the corridors and in cutting the concrete in the operating rooms, which was alleged to have been done at the request of the original contractors and to be worth fifty-one dollars.

The complaint admitted that Smyth and Robinson had paid the plaintiffs $3,240 on account of the work performed and materials furnished by them.    It was then alleged that, after the filing of the plaintiffs' notice of lien, the original contractors instituted a proceeding under the statute to authorize the filing of a bond to discharge such lien; that such proceedings were had that an order was duly entered approving of the bond filed, and the plaintiffs' lien was canceled and discharged.

The condition of the bond was, that in case of payment by the original contractors of any judgment which might be recovered against the premises by reason of the plaintiffs' claim, the obligation of the bond should be void, otherwise to remain in full force. The demand for judgment was, that the plaintiffs be adjudged to have a valid lien upon the premises for $2,786.40, with interest from May 23, 1893, besides costs; that the sureties be declared liable therefor, and that the plaintiffs have judgment for that sum against the defendants Smyth and Robinson and against the respondents as sureties upon their bond.

The original contractors interposed no defense. The sureties, however, answered by denying all the allegations of the complaint, except as to the amount paid to the plaintiffs, and as to that they alleged that it was $3,340 instead of $3,240. They admitted the allegations to the effect that a proceeding was instituted to discharge the plaintiffs' lien and that a bond was given for that purpose which was executed by the original contractors as principals and by the respondents as sureties.

On the trial the plaintiffs insisted that the respondents, who were mere sureties for the original contractors, by the default of the latter, were precluded from questioning the amount of the plaintiffs' claim or the liability of the respondents therefor. The trial court held that the sureties were not precluded by such default from questioning the amount or validity of the plaintiffs' claim.

The court found that when the plaintiffs filed their lien for $2,786.40 they were, according to the terms of their written agreement, entitled to recover only $611; that the plaintiffs' claim that the written agreement was subsequently modified by an oral one, by which the original contractors agreed to pay a large additional sum to compensate them for an alleged mistake on their part, was not substantiated by the evidence, but that the plaintiffs entirely failed to establish a subsequent oral contract; and that the claim of the plaintiffs that they were delayed by the contractors and, therefore, obliged to incur increased expense in the hire of labor, and that the con-

tractors agreed to pay one-half thereof was not substantiated by the proof. But the court found to the contrary, that the contractors did not delay the work, were not responsible for such increased expenditure and did not agree to pay any part thereof.

From these facts, with the added fact that the day before the notice of lien was filed for $2,786.40, the plaintiffs rendered to the contractors a bill, which was in full for the amount then due, in which they claimed only $811, the court further found that the claim in the notice of lien was enormously exaggerated; that this was done intentionally by pretense of a fictitious contract for the purpose of enforcing a false and fabricated demand, and held that the plaintiffs thereby forfeited their right to recover against the sureties and directed a judgment in their favor.

As the affirmance of the judgment of the trial court was unanimous, no question of fact is before us for determination. The facts as found must be regarded as correct and so treated in the determination of any question presented upon this appeal. Hence, it must be assumed that the only contract which existed between the parties was the written one; that the claim stated in the plaintiffs' notice of lien was to a very great extent intentionally false and fabricated, and that there was sufficient evidence to sustain those findings.

Under these circumstances the only possible questions of law which are presented for determination by this court are: 1. Whether the sureties upon the bond of the original contractors were properly allowed to show that the amount of the plaintiffs' claim was exaggerated and fictitious and that they were not entitled to a judgment for the amount claimed, and, 2. Whether the insertion of an exaggerated and willfully false and fabricated demand in the notice of lien rendered it invalid.

It seems to be well established, as a general rule, that a surety may defend an action against his principal, may set up any legal or equitable defense which would have availed the former and may establish it by proof, especially when

a party to the action. Does the fact that this action was to foreclose a mechanic's lien and that the judgment demanded was in form against the property represented by the defendants' bond in any way alter that rule? We think not. The condition of the bond substantially required the sureties to pay any judgment which might be recovered against the premises upon the claim set forth in the plaintiffs' notice of lien. It ought not to require discussion or authority to sustain the proposition that the judgment which the sureties agreed to pay was only a judgment properly obtained for the actual amount which was owing by the original contractors to the plaintiffs. We are aware of no principle of law which would justify us in holding that the sureties upon such a bond were bound by an exaggerated and false claim, and in an action to which they were parties were debarred from showing the truth in regard to it, although their principals did not see fit to defend. Such a doctrine would open the door for fraud and collusion between contractors and sub-contractors by which sureties might be made liable for a claim which did not exist. We think no such principle can be sustained. "The liability of the bondsmen was conditioned on the plaintiff successfully establishing a lien on the property. This is so both by the language of the bond and the terms of the section of the statute under which it was given. * * * The very object of the provision of the statute permitting the bonding of the property when a notice of lien has been filed is to enable the owner or contractor to free the property from the incumbrance without acknowledging its validity and to permit him to contest, in a subsequent action, the existence and amount of the lien." (*Parsons* v. *Moses*, 40 App. Div. 58, 60.) In an action upon this bond it is doubtless true that if the sureties had not defended, a judgment for the full amount of the plaintiffs' claim would have been binding upon them, and, hence, the principals having interposed no answer it became important for the sureties to appear and defend and thus save themselves from being charged with an unjust, false and exaggerated

claim.     We think the court correctly held that the sureties were not precluded from defending this action by the default of the contractors.

This leaves for consideration the question whether the plaintiffs have forfeited their right to recover in this action by inserting in their notice of lien statements of their claim which were intentionally exaggerated and fictitious and made for the purpose of enforcing a false and fabricated demand. While this court in *Ringle* v. *Wallis Iron Works* (149 N. Y. 439) to some extent considered the effect of inserting in the notice of a mechanic's lien mistaken statements of fact, it has never been called upon to decide whether important or material statements, which are willfully and intentionally false, forfeit the right of the lienor to enforce his lien or maintain an action thereon.     In discussing the question in that case it was in effect said that if a party, by inserting in a notice of mechanic's lien statements of fact which are shown to be untrue, thereby forfeits the right to a lien and renders the notice void or ineffectual, a proper construction of the statute requires that statements to have that effect must not only be untrue, but must be willfully and intentionally false in some important or material respect.     The facts as found by the trial court in this case bring it within the prescribed rule which was there stated although not actually adopted.     The question is now presented whether the plaintiffs are entitled to recover, or whether their right to enforce their lien was forfeited by the willfully and intentionally false statements contained in their notice as to the amount of their claim.     The weight of authority in other courts of this state and in the courts of other commonwealths seems to be that where a claimant makes statements which are important and material, and they are willfully and intentionally false, he cannot enforce his lien upon the property against which it is filed. Those decisions are based upon the theory that the purpose and intention of the Lien Law was to exact from the lienor a truthful statement of the facts contained in the notice, as well for the benefit of other claimants, as for the owner of the

property and for the correct information of the court. (*Foster* v. *Schneider*, 50 Hun, 151.)

In *Goodrich* v. *Gillies* (66 Hun, 422), where it was found that the plaintiff willfully and fraudulently misrepresented in his notice of lien the amount which was due him, the court decided that it was its duty to so construe the statute as to prevent parties from obtaining a lien by following the language of the statute, when they knew that the proof which must be given when the action was brought for its enforcement must fail to establish that they were entitled to more than a small portion of the sum for which the lien was claimed. Upon a subsequent trial of that case, where it was found that the amount inserted in the notice of lien was mistakenly stated, the claimant honestly believing that all the material claimed for had been furnished, it was held that a mere mistake in the absence of an intention to exaggerate the amount of his claim would not invalidate his lien. (82 Hun, 18.)

In *Close* v. *Clark* (16 Daly, 91) it was held that a mechanic's lien is invalid where founded upon a notice of lien filed by a contractor for the unpaid balance of whole contract price, which states that all the work and materials have been performed and furnished, when in fact part of the work was unperformed and some of the materials were not furnished.

In the earlier cases in Massachusetts it was held that any error in the claim stated in the notice of lien destroyed the lien or the right to enforce it. (*Lynch* v. *Cronan*, 6 Gray, 531; *Truesdell* v. *Gay*, 13 Gray, 311.) These decisions led to subsequent legislation by which it was declared that any inaccuracy in the claim should not invalidate the lien unless the claimant intentionally and willfully claimed more than was his due. (*Hubbard* v. *Brown*, 8 Allen, 590; *Jones* v. *Keen*, 115 Mass. 170.) The rule in Michigan is that where a claimant places upon record in his notice of lien a statement which he knows to be incorrect, his lien is lost. (*Gibbs* v. *Hanchette*, 90 Mich. 657.) The Iowa courts have held that where a lienor intentionally makes a statement in the notice of lien which is not just and true, he cannot enforce the lien.

(*Stubbs* v. *C. C. S. & S. W. Ry. Co.*, 65 Iowa, 513.)   There are many other cases where this principle has been asserted, among which are *Gaskell* v. *Beard* (58 Hun, 101); *McKinney* v. *White* (15 App. Div. 423); *Mull* v. *Jones* (45 N. Y. S. R. 643); *Brandt* v. *Verdon* (44 N. Y. S. R. 885); *Rose* v. *P. & B. Paper Works* (29 Conn. 256); *Uthoff* v. *Gerhard* (42 Mo. App. 256); *McPherson* v. *Walton* (42 N. J. Eq. 282).

We think the rule so generally established is a proper one and should be adopted by this court.   There certainly can be no hardship in requiring a claimant to avoid intentionally and willfully making an exaggerated claim which he knows not to exist.   The requirement that he shall truthfully state his claim is in no way unjust to the claimant, but it is preeminently just to the owner, to other claimants or lienors, and to those who are engaged in administering the Lien Law.   We are, therefore, of the opinion that the trial court, having found that the plaintiffs "enormously exaggerated" their claim and intentionally and by pretense of a fictitious contract sought to enforce and establish a false and fabricated demand, was justified in holding that the plaintiffs had thereby forfeited their right to recover any judgment against the sureties upon the bond in question.

The appellants also claim that the court erred in holding that the statement in their notice of lien was fraudulent. That question is not before us.   The trial court so found, and its judgment having been unanimously affirmed we are forbidden by the mandate of the Constitution and statute to examine that question.

The additional claim, that the sureties did not establish a defense against the appellants, so far as it is dependent upon the presence or absence of evidence, is also concluded by such unanimous decision.

The only other question which can be examined upon this appeal is whether the defense, so far as it is based upon the plaintiffs' fraud, was available, it not having been set up in the pleadings.   A complete answer to the contention that the plaintiffs' fraud was not sufficiently pleaded is that no excep-

tion appears in the record which raises that question. When the evidence upon that subject was offered no objection to the testimony was interposed upon the ground that the defense was not set up in the answer. Indeed there seems to have been no objection whatever to that evidence. Consequently no question of law is raised which this court can decide.

The judgment should be affirmed, with costs.

PARKER, Ch. J., BARTLETT, HAIGHT, VANN, CULLEN and WERNER, JJ., concur.

Judgment affirmed. _____