FRED A. LAWRENCE, in Behalf of Himself and Others, Respondents, v. HERKIMER COUNTY and Others, Respondents, Impleaded with Others, Defendants, and NATIONAL SURETY COMPANY, Appellant. EDWARD J. DOYLE and Another, Copartners, Respondents, Plaintiffs, v. FRED A. LAWRENCE and Others, Respondents, Impleaded with Others, Defendants, and NATIONAL SURETY COMPANY, Appellant. HIGHWAY PRODUCTS & MANUFACTURING Co., INC., Respondent, v. COUNTY OF HERKIMER and Others, Respondents, Impleaded with Others, Defendants, and NATIONAL SURETY COMPANY, Appellant.

PER CURIAM. The notice of lien failed to state the kind of labor for which the lien was claimed. (*Toop* v. *Smith*, 181 N. Y. 283.) In view of the total amount of liens and the amount received by the National Surety Company for the completion of the contract with additions, and the amount in the county treasury available for the payment of liens, there is no reason to pass on the other questions raised. All concur except Thompson and Crosby, JJ., who dissent and vote for modification on the law in accordance with the dissenting opinion of Crosby, J.

CROSBY, J. (dissenting). I dissent from the disallowance of the Doyle and Sanford lien. The referee properly found that no fraud was intended by the lienors, and that no one was misled by the lien as filed. In this respect the instant case differs from the case of *Aeschlimann* v. *Presbyterian Hospital* (165 N. Y. 296). Nor is this case governed by the rule laid down in *Toop* v. *Smith* (181 N. Y. 383), where the lien was against a private owner and where the lien, by its terms, only referred to a contract, without stating that any work was done or materials were furnished in furtherance of it. The instant case is more like the case of *Ringle* v. *Wallis Iron Works* (149 N. Y. 439) than any of the cases relied upon by appellant. Furthermore, it is to be noted that in the case of a lien against a public improvement (Lien Law, § 12), a statement of " the *kind* of labor performed and materials furnished " is what is required, rather than " the labor performed or materials furnished " as required for a lien against a private owner. (Lien Law, § 9.) In view of the conclusion reached by a majority of the court, it is not necessary to mention a modification that would be necessary provided the Doyle and Sanford lien were allowed. If that lien were allowed the aggregate of all the liens would amount to nearly the amount of money in the county treasurer's hands subject to the payment of liens, and with costs and interest added might amount to more. The referee decided that the total cost of the work, $162,013.32, less $86,719.44 paid to the contractor before abandonment, being the sum of $75,293.88, was subject to liens, and furthermore, that if the latter sum were insufficient to pay all liens, with costs and interest, the appellant must restore $22,059.87 paid to it as a completing surety. I do not object to the finding that appellant was a completing surety in reference to the original contract. But after appellant, as the contractor's surety, undertook to complete the contract, the specifications were greatly enlarged by agreement between the county and appellant. The original contract price was only $130,544. The surety not only completed the contract as to which it became surety, but did additional work bringing the whole work to a cost of $162,013.32. It seems to me that the amount subject to liens should be derived in this fashion: Subtract from the amount of the original contract, $130,544, the amount paid to the contractor before abandonment, $86,719.44, giving $43,824.56 as the amount subject to liens. To this latter, however, should be added $8,874.01, derived in this way: The last estimate of the county engineer gave the contractor credit for $106,215.05 for work and materials up to the time he quit work. Of this amount ten per cent, or $10,625.50, was properly held back as retained percentages under the contract. This leaves $95,593.45 not only

earned but actually due the contractor at the time he quit. But the county had paid him only $86,719.44. This leaves a balance of $8,874.01 that must have been for extras due the contractor at the end of his work. This last amount, added to the $43,824.56 above, makes $52,698.57 subject to the payment of allowed claims. I would modify the decree by limiting the amount subject to liens to $52,698.57, leaving the overplus now in the county treasurer's hands the property of the appellant. However, in view of the decision as made, this modification becomes unnecessary, as the aggregate of all claims allowed is well within the amount properly subject to their payment. Thompson, J., concurs.