**HEDMAN, GIBSON, COSTIGAN & HOARE, P.C., Plaintiff,**

v.

**SULLIVAN, Defendant.**

**No. 91–CIV–1058 (LJF).**

United States District Court, S.D. New York.

Oct. 10, 1991.

Kenneth F. Florek, New York City, for plaintiff.

Robert M. Kaplan, New York City, for defendant.

OPINION AND ORDER

FREEH, District Judge.

In this action, plaintiff Hedman, Gibson, Costigan & Hoare, P.C. ("Hedman") seeks to recover unpaid legal fees from William Sullivan, Sr. ("Sullivan"), one of three guarantors for the fee obligations of Hedman's client, Rates Technology Inc. ("RTI"). The day after this action was filed, RTI sued Hedman and one of its name partners, Thomas Gibson, in New York state court, alleging that Hedman breached a written agreement with RTI. Sullivan now moves to dismiss this claim under Fed.R.Civ.P. 19 for failure to join indispensable parties. Sullivan claims that because two indispensable parties—RTI

and Gerald Weinberger[1] ("Weinberger")—cannot be joined in this action because their addition would eliminate the Court's diversity jurisdiction, this action should be dismissed.[2] In the alternative, Sullivan requests that this action be stayed pending resolution of the state action. Hedman opposes Sullivan's motion to dismiss and seeks summary judgment under the guaranty agreement. The parties have also submitted a discovery dispute for resolution.

For the reasons stated by the Court at oral argument and herein, defendant's motion to dismiss or for a stay is denied; plaintiff's motion for summary judgment is also denied; and plaintiff's motion to compel discovery is granted.

A. *Motion to Dismiss*

Fed.R.Civ.P. 19(a) provides that a person "shall be joined" if

(1) in the person's absence complete relief cannot be accorded among those already parties; or

(2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

If a person who satisfies the criteria set out in subdivision (a) of the Rule cannot be made a party, the court must then determine whether the action can continue in his or her absence. Rule 19(b) states that, in that event,

the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent party being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which ... the prejudice can be lessened or avoided ...; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

■ RTI and Weinberger cannot be considered "necessary" parties under the criteria set out in Rule 19(a). Their absence in this lawsuit does not prevent the Court from offering the existing parties complete relief, and there is little threat of inconsistent rulings. Given that nearly identical parties are involved in both the federal and the state court actions, whichever case is determined first will have preclusive effect against the parties in the other action. *See* 18 Wright & Miller, Federal Practice and Procedure § 4460 (discussing preclusive effect of judgment involving parties in close commercial relations).

If RTI and Weinberger do not qualify as necessary parties, they certainly cannot be considered indispensable under Rule 19(b). Accordingly, defendant's motion to dismiss is denied.

■ Defendant's request for a stay is also denied. Although district courts have broad power to stay pending proceedings, a stay is inappropriate here. Contrary to Sullivan's claim, Hedman *will* be prejudiced by a stay. Even if the state court provides Hedman with a forum to raise all of its claims relating to this dispute, it is not the forum that Hedman chose. Hedman is entitled to enforce its rights as it chooses, even if limits on federal jurisdiction prevent the entire matter from being heard here.[3]

1. Three individuals guaranteed RTI's debt to Hedman and are jointly and severally liable: William Sullivan, Sr. (defendant), William Sullivan, Jr., and Gerald Weinberger.

2. Hedman is based in New York. Weinberger is a New York resident and RTI's principal place of business is New York. Sullivan, by contrast, is a Pennsylvania resident.

3. Arguably, Sullivan could initiate a third-party action here and "implead" RTI because RTI might ultimately be liable to Sullivan for any

### B. *Motion for Summary Judgment*

 Plaintiff's motion for summary judgment is also denied. As guarantor, Sullivan is entitled to assert defenses available to his principal, RTI, against Hedman. *See Aeschlimann v. Presbyterian Hosp.*, 165 N.Y. 296, 59 N.E. 148 (1901). Thus, Sullivan argues that neither he nor RTI is obligated to pay Hedman because Hedman breached its agreement with the company. Because the question of Hedman's breach involves substantial issues of material fact, summary judgment is inappropriate in this context.

### C. *Motion to Compel*

Hedman's motion to compel Weinberger to answer deposition questions is granted, but the requests by both parties for costs is denied. Absent a claim of privilege, which Weinberger has not raised here, he must answer the questions posed by plaintiff's counsel.

SO ORDERED.

amounts he is required to pay to Hedman. Fed. R.Civ.P. 14. In a recent statutory revision to the jurisdictional statute, however, Congress limited federal courts' power to hear pendent or ancillary claims (now called "supplemental claims") in cases where the federal court's jurisdiction over the original parties rests solely on diversity grounds. *See* 28 U.S.C. § 1367 (if district courts have original jurisdiction based solely on diversity of citizenship, "the district courts shall not have supplemental jurisdiction ... over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules ...").