JOHN TRAVIS, Appellant, *v.* BERNARD TRAVIS, Respondent, et al., Appellants.

An order of General Term reversing a judgment entered upon the report of a referee, stated that the reversal was based "upon the facts as well as the law."    No exception was taken to the findings; there were no requests to find, and the case did not show that it contained all the evidence.    *Held*, that the General Term had no power to review the facts or to reverse the judgment upon the ground of error in the findings of

fact; that the facts, as found by the referee, must, for the purpose of an appeal, be accepted as the facts of the case.

*It seems* that in such case the appellate court will not look into the evidence, even so far as it is returned, for facts to reverse the judgment.

Certain facts which were found as such by the referee in the body of his report, were alluded to in the conclusions of law, in order to make plain the application of the law thereto; there were no exceptions to the findings of fact, but there were exceptions to the conclusions of law, and "to each and every part thereof." *Held*, that the exceptions did not operate as notice to the successful party that the appellant intended to insist that such facts had no evidence to support them; and they gave the General Term no power to review the facts.

An omission to find facts, claimed by an unsuccessful party to be established by the evidence, can only be taken advantage of by an exception to a refusal to so find, upon request duly made as required by the Code of Civil Procedure (§§ 993, 1023).

(Argued October 16, 1890; decided December 2, 1890.)

Appeal from order of the General Term of the Supreme Court in the second judicial department, made May 11, 1887, which reversed a judgment in favor of plaintiff entered upon the report of a referee.

The nature of the action and the facts, so far as material, appear in the opinion.

*George F. Martens* for appellant. There being no exceptions to the finding of fact, and no statement in the record that the case contains all of the evidence, the facts could not properly be reviewed by the General Term. (*Porter* v. *Smith*, 107 N. Y. 534; *Cheney* v. *R. R. Co.*, 16 Hun, 415; *Graff* v. *Ross*, 47 id. 153; *Spence* v. *Chambers*, 39 id. 193; Code Civ. Pro. §§ 993, 1023; *Jeffers* v. *Bonthy*, 47 Hun, 91; *Hinman* v. *Stilwell*, 34 id. 178; *Mortimer* v. *R. R. Co.*, 22 J. & S. 322; 113 N. Y. 626; *Aldridge* v. *Aldridge*, 120 id. 614.) The General Term opinion is based upon conclusions of fact not found or requested, and in many cases contrary to the distinct admissions of defendant. (*Burnap* v. *Bank*, 96 N. Y. 126; *Thompson* v. *Bank*, 82 id. 1; *Graff* v. *Ross*, 47 Hun, 153; *Kemfle* v. *Darrow*, 7 J. & S. 447.) Equal partners are bound to contribute equally to the losses. (Collyer on Part.

§ 309 ; Lindley on Part. 385 ; 3 Kent's Comm. 29 ; *Aspinwall* v. *Sacchi*, 57 N. Y. 331, 333 ; *Musgrave* v. *Buckley*, 114 id. 507 ; *Monroe* v. *Whitman*, 8 Hun, 553 ; *Jones* v. *Butler*, 23 id. 387 ; *Neudecker* v. *Kohlberg*,. 3 Daly, 407 ; *Olcott* v. *Wing*, 4 McLean, 17 ; *Carlisle* v. *Tenbrock*, 57 Ind. 529 ; *Taft* v. *Schwab*, 80 Ill. 289.) ·The alleged accounts were erroneous and fraudulent, and were, therefore, properly investigated. (Collyer on Part. § 298 ; *Welsh* v. *G. A. Bank*, 73 N. Y. 424 ; *M. P. Co.* v. *Moore*, 104 id. 680 ; *Harley* v. *E. W. Bank*, 76 id. 618 ; *Samson* v. *Freedman*, 102 id. 699 ; *Stainton* v. *C. Co.*, 24 Beav. 346 ; *Wedderburn* v. *Wedderburn*, 2 Keen, 722 ; *Allfrey* v. *Allfrey*, 1 M. & G 87 ) The Statute of Limitations has no application to the case at bar. (*Rodman* v. *Devlin*, 23 Hun, 590 ; *Still* v. *Holbrook*, 23 id. 511 ; *Hoyt* v. *Tuthill*, 33 id. 196 ; Code Civ. Pro. §§ 388, 414.)

*Arthur Furber* for respondent. This action does not fall within the twenty year limit, because it is not brought on a sealed instrument. It does fall within the six year limit or under the ten year limit. The Statute of Limitations is comprehensive and is sufficient to cover all manner of actions known to the law (Code Civ. Pro. §§ 382, 383, 384, 385, 388, 414, 781.) All actions must be brought within the time prescribed, the time to be computed from the time when the cause of action accrued. (Code Civ. Pro. § 415.) In equity suits for an accounting the Statute of Limitations is applicable and falls within the ten year limit, or the six year limit, as the case may be. (Code Civ. Pro. §§ 388, 414 ; *Still* v *Holbrook*, 23 Hun, 517 ; *Carr* v. *Thompson*, 87 N. Y. 160 ; *Hoyt* v. *Tuthill*, 33 Hun, 196.) Where an account is rendered by one party to another, he to whom it is rendered is bound to examine it, or to get some one to examine it for him, and if he accepts it and makes no objection to it within a reasonable time, it becomes an account stated. ( *Volking* v. *DeGraaf*, 81 N. Y. 270 ; *Sprague* v. *Beekman*, 8 Wkly Dig. 362 ; *Carr* v. *Thompson*, 87 N. Y 160.) No demand was necessary as a condition precedent to the cause of

action, because the accounts were balanced, trial balance had, and statements rendered every year. (*Carr* v. *Thompson,* 87 N. Y. 160, 165.) The court has power to review the fact on the record before it. (*Halpin* v. *P. Ins. Co.,* 118 N. Y. 165; *Mason* v. *Lord,* 40 id. 477; *Cox* v. *James,* 45 id. 557; *Perkins* v. *Hill,* 56 id. 87; *Pollock* v. *Pollock,* 71 id. 137; *Sickles* v. *Flanagan,* 79 id. 124; 118 id. 171.) A finding of fact which is incorporated under the head of a conclusion of law is, nevertheless, a finding of fact, and its character as such is not changed by the fact that it is embraced in a paragraph designated a finding as to matters of law. (*Aldridge* v. *Aldridge,* 120 N. Y. 614.) The questions passed upon by the General Term were, within the decisions of this court, questions of law. (Lindley on Part. [5th ed.] 117; 40 N. Y. 477.) The referee erred, as matter of law, in examining into the accounts of prior independent partnerships, and in this action undertaking to correct certain alleged errors in those accounts, and his corrections upon the admitted facts were erroneous. (Lindley on Part. [5th ed.] 117; *Arnold* v. *Angel,* 62 N. Y. 508; *Darling* v. *Brewster,* 55 id. 667.) The Statute of Limitations begins to run from the date of dissolution of a firm. (Lindley on Part [5th ed.] 508–510; *Roberts* v. *Healy,* 113 N. Y. 128; *Clark* v. *Ford,* 1 Abb. Ct. App. Dec. 359; *Mann* v. *Fairchild,* 3 id. 152; *Budd* v. *Walker,* 113 N. Y. 637.) A voluntary accounting having been had, it is a complete defense to an action for a compulsory accounting. (*Johnson* v. *Hartshorne,* 52 N. Y. 178; Lindley on Part. [5th ed.] 572; *Ogden* v. *Astor,* 4 Sandf. 311; *Lockwood* v. *Thorn,* 11 N. Y. 170; *Harley* v. *Banks,* 76 id. 618.) This court has ample power to exercise such control over every proceeding in an action or special proceeding as to protect from injustice and fraud every person interested. It may remit the proceedings to the court below to amend the record, or it may, if the ends of justice require, reverse the General Term and grant a new trial. (*Baldwin* v. *Mayor, etc.,* 42 Barb. 549; *People ex rel.* v. *Vil. of Nelliston,* 79 N. Y. 639; *In re Ingraham,* 64 id. 310.)

VANN, J.   This action, brought for an accounting between copartners, was tried before a referee, who stated the account on the basis of equality of shares in profits and losses and found a balance against the defendant Bernard Travis in favor of the plaintiff for $6,984.12, and in favor of the defendant Jesse Travis for $14,393.04.   The judgment entered upon the report of the referee was reversed by the General Term, and the order of reversal, as finally entered, states that it was based "upon the facts as well as the law."   No exception was taken to any finding of fact so as to raise the question of law that there was no evidence tending to sustain it.   (Code Civ. Pro. § 993; *Halpin* v. *Phœnix Ins. Co.*, 118 N. Y. 165; *Equitable Co-operative Foundry Co.* v. *Hersee*, 103 id. 25, 27.) The case does not show that it contains all the evidence, and no request to find any fact was presented to the referee.   The facts, therefore, as found by him, must, for the purpose of any appeal, be accepted as the facts of the case, and the court will not look into the evidence, even so far as it is returned, for facts to reverse the judgment.   (*Burnap* v. *Nat. Bank*, 96 N. Y. 125; *Thomson* v. *Bank British N. A.*, 82 id. 1; *Baker* v. *Spencer*, 47 id. 562; *Equitable Co-operative Foundry Co.* v. *Hersee, supra.*)   As this court said in *West* v. *Van Tuyl* (119 N. Y. 620): "No exception was taken to the finding, nor any request made to find differently.   For aught that appears, it was acquiesced in or conceded to be true." Under these circumstances, the learned General Term had no power to review the facts or to reverse the judgment upon the ground of error in the findings of fact.   (*Aldridge* v. *Aldridge*, 120 N. Y. 614; *Porter* v. *Smith*, 107 id. 531.)

The exceptions filed to the referee's conclusions of law present no debatable question, as it is obvious that each of the two copartners, in whose favor a balance was found against the third, was entitled to judgment against him therefor.

The claim that findings of fact appear under the head of conclusions of law in the report of the referee and that the exceptions thereto gave the General Term power to review the facts, is not well founded   An inspection of the report

shows that certain facts, found as such in the body of the report, are alluded to in the conclusions of law in order to make plain the application of the law thereto. They are not excepted to as findings of fact, but as conclusions of law, *eo nomine.* As found under the head of matters of fact, they are not excepted to at all. The only exceptions taken are to the first, second, etc., conclusion of law and to each and every part thereof. Hence, the exceptions did not operate as notice to the successful party that the appellant intended to insist that such facts, thus incidentally recited, had no evidence to support them, or place upon him the responsibility of adding by amendment any evidence upon the question that had been omitted from the proposed case. (*Halpin* v. *Phœnix Ins. Co., supra.*)

It is insisted that the referee erred in not finding facts as to which there was little or no dispute, but an omission to find facts claimed by the unsuccessful party to be warranted by the evidence can only be taken advantage of by an exception to a refusal to so find upon request duly made as required by the Code. (Code Civ. Pro. §§ 992, 993, 1023; *Thomson* v. *Bank of British North America,* 82 N. Y. 1; *Burnap* v. *National Bank of Potsdam,* 96 id. 125; *Graff* v. *Ross,* 47 Hun, 152.)

We have examined the exceptions relating to rulings made by the referee during the progress of the trial, but find no error that would justify a reversal of the judgment, and we are of the opinion that there is nothing in the record before us that authorized the learned General Term to reverse the judgment of the referee upon questions either of fact or law.

The order appealed from should, therefore, be reversed, and the judgment entered upon the report of the referee affirmed, with costs.

All concur.

Order reversed and judgment affirmed.