HALL *v.* DENNERLEIN.

*(Common Pleas of New York City and County, General Term.* June 1, 1891.)

MECHANICS' LIENS—DISCHARGE BY OWNER—COMPLIANCE WITH STATUTE.

> Laws N. Y. 1885, c. 342, § 19, provides that the owner of property affected by a mechanic's lien may at any time after action commenced offer in writing to pay into court a stated sum in discharge of the lien, etc. *Held,* that the statute must be strictly complied with, and that an offer to pay such sum into court must follow its language, and state that it is in "discharge of the lien."

Appeal from special term.

Action by Henry E. Hall against Julia Dennerlein to foreclose a mechanic's lien. From a judgment for plaintiff, defendant appeals.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*H. C. Henderson,* for appellant. *Thomas A. Bassford,* for respondent.

DALY, C. J. There are two appeals in this action, which was brought to foreclose a mechanic's lien for $325.97, filed by the plaintiff against the property of the defendant. The action was referred. Before the trial the defendant served a written offer to pay into court the sum of $232.47, with interest from October 1, 1888. The offer was not accepted. The referee found the sum of $224.25, with interest from October 1, 1888, due the plaintiff. Judgment therefor, with $315 costs and disbursements, was entered in plaintiff's favor. Defendant moved, upon his offer, to strike out the allowance of costs in the judgment, which motion was denied. Defendant appeals from the judgment, and also from the order denying his motion. The appeal from the judgment is upon the ground that the referee failed to allow the defendant, for certain omissions in the plaintiff's work, the full amount which, it is claimed, the undisputed testimony shows should have been made. No exceptions have been filed to the findings of the referee. There were no requests to find, and there is no certificate that the case contains all the evidence taken on the trial. We cannot, therefore, review the questions of fact sought to be argued by the appellant. We have not the power to do so. *Travis v. Travis,* 122 N. Y. 449, 25 N. E. Rep. 920; *Porter v. Smith,* 107 N. Y. 531, 14 N. E. Rep. 446. The main reliance of the appellant is upon his appeal from the order denying his motion to strike out the allowance of costs upon the ground that the plaintiff failed to recover a more favorable judgment than the defendant's offer. By section 19 of the mechanic's lien act (chapter 342, Laws 1885) the

owner of the property affected may at any time after an action is commenced,. offer in writing to pay into court a stated sum in discharge of the lien or liens.. If the offer is accepted in writing within 10 days, the court may make an order that, on depositing the amount offered with the clerk of the county, the lien or liens be discharged, and the money take the place of the property upon which the lien or liens was or were created, and be subject to the same.   In case the offer shall not be accepted within 10 days, and the plaintiff fails to recover any more favorable judgment against the property, he shall pay any costs in the action incurred by the owner from the time of the offer.   This provision appears to be one exclusively for the benefit of the owner.   By accepting the offer the plaintiff gains nothing; by refusing it he becomes liable to pay costs to the owner.   The provision should therefore be strictly construed as against the latter, and a strict compliance with the statute be required in the written offer which he makes, and through which he claims the benefit of the provision.   The twenty-fifth section of the statute, declaring the act to be remedial, and requiring a liberal construction, refers to those provisions enacted for the benefit of the lienor, as appears by its concluding clause: "A substantial compliance with its several provisions shall be sufficient for the validity of the lien or liens hereinbefore provided for, and to give jurisdiction to the courts to enforce the same."   A strict compliance with the statute requires that the written offer shall follow the language of the statute, and contains an offer to pay into court a stated amount in "discharge of the lien."   The offer made by the owner in this case was defective in omitting the words quoted, and was ineffectual, therefore, to cast upon the plaintiff the obligation to pay to the owner the costs of the action incurred by him from the time of the offer.   I have not failed to give due weight to the appellant's claim that the nineteenth section of the act is intended to afford the lienor the privilege of receiving the amount offered, together with his costs accrued to that time, and that for that reason the section is to be liberally construed; but I find no support in the statute for such contention.   If the offer is accepted, the court may make but one order,—*i. e.*, for the discharge of the liens, and the substitution of the money for the property, and subjecting the money to the lien.   If the statute be not mandatory, the court may or may not, in its discretion, make such order.   It cannot make any other order, as for instance that the lien be discharged by the payment into court of any additional sum for costs, and that the lienor draw the money so deposited.   It is clear that he gains nothing in aid of his lien or its enforcement. by this provision.   The special term properly decided that the plaintiff was entitled, by reason of the defect in the offer, to his costs of the action, the same as if no offer under section 19 had been made.   The order appealed from must be affirmed, with $10 costs, together with the disbursements.   The judgment. must be affirmed, with costs.   All concur.