## SANGER et al. v. MERRITT.

(Supreme Court, General Term, Second Department. July 2, 1891.)

APPEAL—REVIEW—SAME FACTS ON SECOND TRIAL.

　　Where, on appeal in an action of ejectment, the court of appeals held that plaintiff had not shown facts sufficient to sustain her title, and directed a new trial, which was had, and the court dismissed the complaint on the ground that no new facts to sustain the title were shown in evidence, the court will not, on a second appeal, disturb the judgment of the court below.

Appeal from circuit court, Suffolk county.

Action by Mary E. Sanger and others against John C. Merritt. From a judgment for defendant, plaintiffs appeal.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

Sanger & Davies, for appellants.　Thomas Young, for respondent.

PRATT, J.　This is an action of ejectment. It has been tried four times. The defendant had a verdict on the first trial in April, 1882.　Plaintiff paid the costs, and took a new trial under the statute.　It was tried again in October, 1883, resulting in a second verdict in favor of defendant.　Judgment was entered October 25, 1883, from which plaintiff appealed, and the result was an order for a new trial in February, 1885.　35 Hun, 669.　It was tried again in February, 1886, when a verdict was directed for the plaintiff.　Judgment was entered on this verdict, February 16, 1886, and defendant appealed. The general term affirmed their judgment.　Defendant appealed to the court of appeals, and this judgment was reversed, and a new trial ordered.　120 N. Y. 109, 24 N. E. Rep. 386.　The cause was again tried in October, 1890, resulting in a dismissal of the complaint.　Judgment was entered on this decision, December 19, 1890, and now the plaintiff appeals again.　The learned trial judge granted defendant's motion to dismiss, holding that the plaintiff had not found facts sufficient to justify submitting the cause to a jury, if one had been present.　The plaintiff claimed title to a lot of woodland in the town of Huntington, Suffolk county, through one Hartt.　She claimed, and it was conceded, that the land was owned by the town prior to April 12, 1793.　She offered proof tending to show that the holders and proprietors of lands in the town met in 1792, and appointed four trustees to act for them in respect to said lands, and that, on April 12, 1793, these trustees allotted this land in question to Hartt, and that the town authorities subsequently ratified that allotment.　The court of appeals has held that this allotment was not sufficient to pass a title, and that, since there was no evidence before it showing that

Hartt was a proprietor at the time of the allotment, or that he ever entered into possession under it, there was nothing to sustain the theory of a valid parol partition. Hence, the question before us is whether or not plaintiff met these difficulties on the last trial. We do not see that plaintiff changed the essential features of the case on the new trial, or that she offered any evidence which, if received, would have wrought such change. Hence we think the judgment should be affirmed, with costs. All concur.