The order should be modified, as above stated, and affirmed, without costs.

DYKMAN, J., concurred; BARNARD, P. J., not sitting.

Order modified in accordance with opinion, and as modified affirmed, without costs, order to be settled by Justice PRATT.

---

DAVID G. BURTON, RESPONDENT, *v.* HARRIET R. ROCK-WELL, APPELLANT, IMPLEADED WITH ANOTHER, DEFENDANT,

*Mechanic's lien — Laws of 1885, chap. 342, sec. 19 — effect of an offer which does not state that it is made "in discharge of the lien" — costs.*

The mechanic's lien act (§ 19 of chap. 342 of the Laws of 1885) provides that an owner of property affected by a lien may, in writing, offer to pay into court an amount, to be stated, "in discharge of the lien."

*Held,* that such an offer which failed to state that it was made "in discharge of the lien" was ineffectual to defeat the right of the lienor to further costs.

APPEAL by the defendant Harriet R. Rockwell from an order, entered in the office of the clerk of the county of Westchester on the 17th day of October, 1891, awarding plaintiff costs and an allowance; and also from so much of a judgment of the Supreme Court, entered in said clerk's office on the 2d day of November, 1891, as awarded the plaintiff costs against the defendant Rockwell after a trial before a referee.

*Charles A. Decker,* for Harriet R. Rockwell, appellant.

*Norman A. Lawlor,* for the respondent.

PRATT, J.:

The only question raised in this case is one of law, to wit, whether, under the offer of the defendant, made in the course of the trial, the plaintiff or defendant was entitled to costs which accrued subsequent to the making of the offer.

The offer is as follows after the caption of the suit: " I, Harriet R. Rockwell, one of the defendants above named, do hereby offer to allow the above-named plaintiff to take judgment against me in the above-entitled action for the sum of two hundred dollars, with interest from January 1st, 1890, together with the costs of this action, or to pay the same into court."

The statute (§ 19, chap. 342, Laws of 1885), authorizing an offer to be made in a suit under the " mechanic's lien " law, provides that: "At any time after an action is commenced, the owner or owners of the property affected may, in writing, offer to pay into court any amount stated in the offer, or to execute and deposit any securities or papers which he may describe in discharge of the lien or liens."

It is objected that the offer, as made, was insufficient, because the words " in discharge of the lien " were not contained in the notice. The statute authorizing the offer is in the subjunctive, and the offer here contained more than the statute requires, as it offered to permit the plaintiff to take judgment for $200 in addition to offering to pay $200 into court.

It is clear that, the offer was a nullity under section 738 of the Code, as it was not made ten days prior to the trial of the action. (*Sares* v. *Matthews*, 15 N. Y. Supp., 511.)   So that the only point is, whether it was necessary that the offer should contain the exact words of the statute, *i. e.*, " In discharge of the lien."   That such a form of offer is requisite was held in the case of *Hall* v. *Dennerlein* (39 N. Y. State Rep., 67).

I cannot well see how the omission of the words " in discharge of the lien " could work any injustice or surprise to the plaintiff.   The words are a mere statement of the legal effect of the offer, and if this question was now raised for the first time, I should be strongly inclined to hold that the offer was sufficient to put the plaintiff to an election.

In substance, the defendant offers to pay the money into court, with costs, and it could be for no other purpose under the statute, except to discharge the lien.

The offer did more; it anticipated that there was no valid lien, as afterwards turned out to be the fact, and it offered to permit plaintiff to take judgment for $200, etc., as in a common-law action. I cannot see why the plaintiff should be allowed to go on piling up the costs, and when it was found that his claim was less than the offer, be rewarded with full costs and an extra allowance.

To avoid the confusion of one court holding one way, and another court the opposite, I think this order had better be affirmed, but without costs.

The order must be affirmed, but without costs.

BARNARD, P. J., concurred; DYKMAN, J., not sitting.

Order awarding costs affirmed, without costs.