JOHN W. DIBBLE, Respondent, *v.* JEREMIAH W. DIMICK, Appellant.

Where on appeal from a judgment entered on the report of a referee the appellant desires a review of the facts, he must insert in the record a statement that it contains all the evidence or all that is material to the question sought to be reviewed.

No particular form of words, however, is required for this statement, and where there is a statement in the record that it contains all the testimony, and both parties proceed to argument without any objection as to the power of the General Term over the whole case, the court is warranted in assuming that all the evidence is in the case and should pass upon the facts.

Where the record contained a statement that it contained all the testimony, and the order of the General Term was a general affirmance of the judgment without specifying the grounds or in any way limiting its legal effect, *held*, that the order imported that every question in the case both of law and fact had been disposed of; that to raise the point here that the General Term refused to review the facts for want of a proper and sufficient record, this should appear by a proper statement in the order, and that the fact that this appeared in the opinion of the General Term was not sufficient.

Where by agreement between the parties, the compensation of plaintiff as salesman for defendant was to be a commission on sales, *held*, that plaintiff was entitled to commissions on orders for goods solicited and obtained by him, although the goods were not delivered by defendant until after

plaintiff's discharge, and the commissions were by the agreement not payable until delivery.

In an action by an employee to recover an amount claimed to be due under a contract of employment, a settlement, an accord and satisfaction, or payment in full are affirmative defenses, and where not pleaded, evidence properly received as bearing upon the terms of the contract may not be used to establish such a defense.

Reported below, 4 Misc. Rep. 190.

(Argued October 15, 1894; decided November 27, 1894.)

Appeal from judgment of the General Term of the Court of Common Pleas for the City and County of New York, entered upon an order made June 5, 1893, which affirmed a judgment in favor of plaintiff entered upon the report of a referee.

This action was brought to recover commissions claimed to be due plaintiff as a salesman in defendant's employ.

The facts, so far as material, are stated in the opinion.

*E. W. Tyler* for appellant. The referee found facts unsupported by any testimony, which findings were duly excepted to by the defendant, and the General Term erroneously refused to review the testimony, thus presenting a pure question of law. (*Halpin* v. *P. Ins. Co.,* 118 N. Y. 165.)

*Ira G. Darrin* for respondent. An appellate court will not review the findings of a referee on questions of fact where the appellant fails to insert a statement in the case that the same contains all the evidence introduced upon the trial. (*Aldridge* v. *Aldridge,* 120 N. Y. 614.) To justify a reversal it must appear that the findings of the trial court were against the weight of evidence or that the proofs so clearly preponderated in favor of a contrary result that it can be said with a reasonable degree of certainty that the trial court erred in its conclusions. (*Godfrey* v. *Moser,* 66 N. Y. 250; *Crane* v. *Baudouine,* 55 id. 256; *Sherwood* v. *Hauser,* 94 id. 626; *Westerlo* v. *De Witt,* 36 id. 340.) The defense of accord and satisfaction is not available in this case to secure a reversal of the judgment for the reason that the defendant failed to plead

it as a defense. The rule that under the Code new matter constituting a defense must be pleaded, and is not available under a general denial, is too well settled for discussion. (*McKyring* v. *Bull,* 16 N. Y. 297–309; *Wheaton* v. *Nelson,* 77 Mass. 15; Abb. Trial Brief on Pleading, § 765.) The defendant having introduced evidence by the testimony of himself and his son that the plaintiff's contract had never been modified, the referee having so found, and the defendant having taken no exception to such finding, he cannot successfully contend that the contract was modified, because of the mere fact that the plaintiff received payments under protest at a lower rate than that provided by the contract. Such a one-sided modification of a contract would be without consideration and void. (*West* v. *Van Tuyl,* 119 N. Y. 620; *Crosby* v. *Wood,* 6 id. 369; 2 Pars. on Cont. 437; *Reynolds* v. *Nugent,* 25 Ind. 328; *Harris* v. *Carter,* 3 El. & Bl. 559; *Vanderbilt* v. *Schreyer,* 81 N. Y. 392.) Plaintiff is entitled to commissions on sales made by the defendant upon orders solicited and obtained by plaintiff where the goods were delivered after his discharge. (Bishop on Cont. § 1431; 1 Whart. on Cont. § 692; 2 Pars. on Cont. [2d ed.] 523; *Resley* v. *Smith,* 64 N. Y. 576; *Gallagher* v. *Nichols,* 60 id. 438, 448; *Lawrence* v. *Miller,* 86 id. 131; *U. S.* v. *Peck,* 12 Otto, 65; 102 U. S. 46; *Devlin* v. *Mayor, etc.,* 63 N. Y. 9.) Every presumption is to be indulged in favor of the judgment. (*S. O. Co.* v. *T. Ins. Co.,* 64 N. Y. 85; *Tracy* v. *Altmayer,* 46 id. 598, 604; *Appleby* v. *E. C. S. Bank,* 62 id. 12; *Briant* v. *Trimmer,* 47 id. 96; *Carman* v. *Pultz,* 21 id. 547; *Sheldon* v. *Sherman,* 42 id. 484; *Westerlo* v. *De Witt,* 3 id. 340.)

O'Brien, J. The plaintiff recovered in this case a balance which he claimed was due to him for compensation as a salesman in the employ of the defendant. The issue presented by the pleadings was one of fact involving the terms and conditions of the original contract under which the service was performed. The complaint alleged that the plaintiff had performed services for the defendant as a salesman at his express

request from November 15th, 1889, to January 20th, 1891, and that such services were of the value and were rendered for the agreed compensation of $4,100. That the plaintiff had been paid the sum of $2,430.41, and that the balance, with interest, was due and unpaid.

The answer admitted that the services were rendered, that the payment referred to in the complaint had been made, and denied that there was any further sum due to the plaintiff or that the sum stated in the complaint had been agreed upon by the parties as the compensation. The question to be tried, therefore, was the issue thus made in regard to the terms of the agreement. Both parties claimed that the plaintiff entered into the defendant's service under a verbal contract, but they differed widely as to its terms. The plaintiff claimed that he was to be paid upon the basis of commissions upon the sales at the rate of two per cent with a guaranty of $1,500 per year salary. The defendant claimed that the commissions were not to exceed one per cent on all sales made at wholesale, and two per cent on those made at retail. The amount of the commissions was, therefore, the vital point upon which they differed, and each party supported his version as to the terms of the contract by his testimony. If the defendant's version was correct the action was defended. If the plaintiff's was the true one he was entitled to recover the amount awarded to him by the referee. The parties were in direct conflict as to the fact, and the burden of proof was upon the plaintiff. The defendant gave some proof in corroboration of his version of the agreement. It was shown and found by the referee that at various times after the first of November, 1890, the plaintiff had been paid commissions which he had himself computed upon the basis of one per cent upon some of the sales and two per cent upon others. The plaintiff attempted to explain this by testifying that the defendant refused to allow him the two per cent on all the sales, and directed him to compute the commissions at the rate that he did, and that he took what he could get and what the defendant told him to compute the compensation at. The plaintiff,

however, remained in the defendant's employ until discharged, for what reason does not appear. The referee found the agreement to have been made as claimed by the plaintiff, and directed a judgment in his favor. The proof that the plaintiff figured commissions upon the basis claimed by the defendant, and received his compensation from time to time upon that basis, was competent as bearing upon the terms of the contract of employment, but it could not be used when, in the case to establish a settlement, an accord and satisfaction or payment in full for the reason that these were affirmative defenses, and they were not pleaded. The referee's finding is supported by evidence, and while we think the preponderance of proof was in favor of the defendant, still we have no power to disturb the judgment. The referee had the parties before him, and had a better opportunity than any appellate court can have to form a correct judgment as to the relative weight and credibility to be given to the conflicting statements of the parties.

The referee allowed the plaintiff commissions on goods ordered before but not delivered until after his discharge. There was no error in this ruling. The services were rendered when the plaintiff solicited and obtained the orders for the sale of the goods, though the commissions might not be due or payable until the goods were actually delivered, but it was not necessary that the delivery should be made during the plaintiff's employment. The discharge of the plaintiff could not affect his right to compensation for services rendered up to that time. The other exceptions to the rulings at the trial did not raise any question of sufficient importance to justify a reversal of the judgment. The learned counsel for the defendant complains that the General Term has improperly refused to review the facts. If we were permitted to look into the opinion and act upon it we would be compelled to say that this complaint is well founded. It appears from the opinion that the General Term refused to review the facts upon the ground that the record did not contain any certificate or statement that it contained all the evidence, although

it did contain a statement that it contained all the testimony. There is undoubtedly a distinction between the terms evidence and testimony. The former is the more comprehensive term and includes all the means by which any alleged matter of fact, the truth of which is submitted to investigation, is established or disproved. The latter, in common acceptation at least, embraces only the statements of witnesses upon oath, and does not include proof by writings or from other sources. But a statement, as in this case, that the record contains all the testimony, was a substantial compliance with the rule under all the circumstances. When the defendant made and served the case this statement was inserted, doubtless, in order to comply with the rule. The plaintiff could have proposed an amendment if he thought it insufficient. But no amendment was asked and no motion to correct the case made at or before the argument, and no question then raised as to the power of the court to pass upon the facts as well as the law. Under these circumstances the court had the power to pass upon the facts, and it is not often that a case is presented where the right to review the findings of the referee is of more importance to the party making the appeal than in this case. The disputed fact was of such a character, and the evidence upon which the findings of the referee were based was so conflicting at a single point, that the right of the defendant to have it passed upon by the appellate court was important and substantial. But we think that this court has no power to reverse the judgment for the refusal of the court below to review the facts for the plain reason that we cannot say from the record that it has so refused.

The order is a general affirmance of the judgment without specifying the grounds or in any way limiting its legal effect. This is the evidence of the judgment rendered by the court, and its legal import is that every question in the case, whether of law or fact, has been decided. The court below, upon the defendant's theory, refused to review the facts substantially for want of power in that a properly certified record was not before it. We cannot know this, however, from the record,

but from the opinion, which is no part of the record. In order to raise the point in this court the order itself should show by a proper statement that the court refused to review the facts for want of power or for want of a proper and sufficient record, which amounts to the same thing. (*Snebley* v. *Conner*, 78 N. Y. 218; *Salmon* v. *Gedney*, 75 id. 481; *Tilton* v. *Beecher*, 59 id. 176; *Tolman* v. *S. B. & N. Y. R. R. Co.*, 92 id. 353.)

In *Porter* v. *Smith* (107 N. Y. 531) this court reviewed an order of the Supreme Court refusing to pass upon the facts in the case. But in that case the order contained a statement of the grounds upon which the judgment below proceeded, and it was held that the practice adopted by the General Term in that regard was correct. It is now well settled that where the party appealing desires the court to review the facts, he must insert in the record a statement that it contains all the evidence or all that is material to the question sought to be reviewed. But no particular form of words is necessary. A statement that the case contains all the testimony is sufficient in the absence of some objection on the part of the defendant that some material part of it has been omitted. The appealing party can then by motion correct the record by inserting it. Where, however, both sides proceed to argument and submit the case with a statement that it contains all the testimony, without any objection as to the power of the court over the whole case, the court is warranted in assuming that all the evidence is in the case and should pass upon the facts.

The record now before us does not present the question, and the judgment must, therefore, be affirmed.

All concur.

Judgment affirmed