GEORGE J. WEST, as Executor, etc., of JOHN G. WEST, Deceased,
    Respondent, *v.* GEORGE H. WRIGHT and Others, Appellants.

*Defective case on appeal — no review on the facts — purchase of stock — a wager on
future market prices — parol evidence to show it.*

In the absence of a certificate in the appeal book that the case contains all the
    evidence taken at the trial, the respondent is entitled to rely upon the presump-
    tion that there was no intention to ask for a review of the rulings on the ques-
    tions of fact.

Where a person directed another to purchase stock for him, with the understand-
    ing that the stock should not be delivered, and that only the difference in
    the market price thereof should be paid or received, the transaction is a wager
    on future market prices and is void under the statute.

In an action brought to recover the amount of money so paid, parol evidence is
    admissible to show that the real understanding between the parties when the
    order was given was that the stock should not be delivered, but that only
    the difference in the market price should be paid or received.

APPEAL by the defendants, George H. Wright and others, from
a judgment of the Supreme Court in favor of the plaintiff, entered

in the office of the clerk of the county of Broome on the 17th day of August, 1894, upon the report of a referee.

The action was brought December 16, 1888, by the deceased, to recover money alleged to have been paid on a wager contract. The answer contained a denial of the allegations of the complaint.

On the 18th of September, 1888, West, the original plaintiff, entered the Binghamton office of the Central City Stock and Grain Exchange of Syracuse, Limited, and gave an order to sell 200 shares of St. Paul, and took a ticket which stated that he had sold to the Central City Stock and Grain Exchange of Syracuse, Limited, 200 shares of St. Paul. The same day he sold another 100 shares of St. Paul. The 200 shares were sold at 62¼ and the 100 shares at 62⅞. At the time of the transactions just mentioned he had no stock. It is claimed that the $1,800 which he paid was deposited to the credit of George H. Wright, treasurer of the Central City Stock and Grain Exchange of Syracuse, Limited. The papers which were used by the parties represented that George H. Wright was secretary and treasurer. Subsequently West demanded back the $1,800, and the demand was refused and he brought this action to recover the same. Defendants Bennett and Fisher allege that in September, 1888, at the time of the transactions had with West, they were not members of the Central City. Stock and Grain Exchange of Syracuse, Limited.

The referee found as matter of fact: " That during the month of September, 1888, the defendants Conrad J. Fisher and James O. Bennett were not members of the Central City Grain and Stock Exchange of Syracuse, Limited, and had not been such members for a considerable time prior thereto." Among his conclusions of law he found, viz. : " That, as to plaintiff, defendants were partners in September, 1888, when transactions in suit took place," and he ordered judgment in favor of the plaintiff against all of the defendants for the sum of $1,800, with interest from December 17, 1888.

Exceptions were taken to several findings of fact and to conclusions of law stated by the referee.

*E. C. Wright,* for the appellants.

*E. K. Clark,* for the respondent.

HARDIN, P. J.:

No certificate is found in the appeal book that the case contains all the evidence taken at the trial. In the absence of such a statement the respondent is entitled to rely on the assumption that there was no intention to ask a review of the rulings on the questions of fact. (*Porter* v. *Smith*, 35 Hun, 118; S. C. affd., 107 N. Y. 531; *Halpin* v. *Phenix Ins. Co.*, 118 id. 171; *Goodrich* v. *Gillies*, 62 Hun, 479.)

In *Dibble* v. *Dimick* (143 N. Y. 555) it is said: "It is now well settled that where the party appealing desires the court to review the facts, he must insert in the record a statement that it contains all the evidence or all that is material to the question sought to be reviewed."

In *Halpin* v. *Phœnix Ins. Co.* (*supra*) it was held that where there is a finding of fact by a court or referee without evidence to support it it is a ruling upon the question of law, and if excepted to presents a legal question. That case seems to reassert the doctrine laid down in *Spence* v. *Chambers* (39 Hun, 193).

Section 993 of the Code of Civil Procedure provides that a finding without any evidence tending to sustain it is a ruling upon a question of law.

In *Travis* v. *Travis* (122 N. Y. 453) the section was construed and in that case it appeared "No exception was taken to any finding of fact so as to raise the question of law that there was no evidence tending to sustain it."

The referee found that the money paid by the plaintiff into the Binghamton office was deposited in the City National Bank of Binghamton to the credit of the Central City Stock and Grain Exchange of Syracuse, Limited, in the name of George H. Wright, treasurer, and it is claimed by the appellants that that finding is not supported by evidence. According to the testimony given by the plaintiff's witness, Seymour, the course of business between the Binghamton office and the Syracuse office was stated in detail; he states that he remembers West paying in about $1,800, and that " whatever was due, it was deposited to their credit;" that is, to the credit of the Syracuse office; and the books that were kept at the time corroborate the statement made by the witness. The witness referred to a statement of September eighteenth that came to

the Binghamton office from the Syracuse office after the transaction of September eighteenth, and he says that that statement shows the two transactions mentioned by the plaintiff in his testimony. And a further statement was produced indicating what was called for on the nineteenth of September to be deposited to the credit of the Syracuse office. The testimony already referred to and the further testimony offered by the plaintiff, when read in connection with the testimony given by the defendants, we think sufficiently justified the finding that the money paid by the plaintiff was passed to the credit and received by the Syracuse office. (*Hannigan* v. *Allen*, 127 N. Y. 640.)

It was found, as matter of fact, by the referee, "that during the month of September, 1888, the defendants Conrad J. Fisher and James O. Bennett were not members of the Central City Grain and Stock Exchange of Syracuse, Limited, and had not been such members for a considerable time prior thereto."

Bennett testified that in the year 1888 he was not in business in Syracuse prior to October eleventh of that year. And Wright testifies that during the month of September Bennett and Fisher "were not in the concern." We find in the case no satisfactory evidence indicative that Fisher and Bennett actually received the money paid over and advanced by the plaintiff. When the plaintiff entered into the transaction it was with the understanding that the property should not be delivered, and that only the difference in the market should be paid or received, and the transaction was, therefore, a wager on future market price, and void under the statute. (*Kingsbury* v. *Kirwan*, 77 N. Y. 612; *Story* v. *Salomon*, 71 id. 420.)

Parol evidence was admissible, and was received to show that the real understanding between the parties when the orders were given was that the property should not be delivered, but that only the differences in the market price should be paid or received. (*Peck* v. *Doran & Wright Co.*, 57 Hun, 343; S. C., 10 N. Y. Supp. 401; *Dwight* v. *Badgley*, 14 id. 500; 60 Hun, 144; *Kenyon* v. *Luther*, 4 N. Y. Supp. 499; *Amsden* v. *Jacobs*, 26 id. 1000; 75 Hun, 311.)

The statute, which has been construed in the cases to which reference has been made, provides that any person who shall deliver or deposit any money upon the event of any wager may sue for and

recover the same of the winner, "or person to whom the same shall be paid or delivered." (3 R. S. [8th ed.] p. 2218.) And it is contended by the appellants that Bennett and Fisher are not liable because they were not, in fact, at the time West paid his money, in September, 1888, partners or members of the firm which carried on the business under the name of the Central City Stock and Grain Exchange, Limited. To escape the force of that contention it is claimed in behalf of the respondent that Mr. West had dealings with the parties in 1886, and that he was informed that Bennett and Fisher were connected with the Syracuse office. The evidence on that subject is not very definite or certain. It seems that West received some information upon the subject of the connection of Bennett and Fisher with the Syracuse office at that time; but a fair consideration of the whole evidence would seem to justify the conclusion that at the time that West had a transaction in 1886 with the Syracuse office Bennett and Fisher were not in fact connected with the business carried on in the Syracuse office. We think the evidence is insufficient to warrant the application of the rule contended for by the respondent, to the effect that once having been partners, the liability as such partners continues until notice was given of their retirement from the partnership, according to the rule laid down in *Elmira, I. & S. R. M. Co.* v. *Harris* (124 N. Y. 280). So far as the contention of Bennett and Fisher, to the effect that they did not actually receive the money that was parted with by West in September, 1888, we think a reasonable view of the evidence requires us to say that they were not recipients of the money, and, therefore, not liable under the statute, which imposes the liability upon the "person to whom the same shall be paid."

In *Weyburn* v. *White* (22 Barb. 82) it is said that the right of action to recover back money paid in pursuance of a wager depends wholly on the statute, and that no remedy was allowed by the common law, and that the liability of a party to return the money is "in the nature of a penalty or a forfeiture for the benefit of the party aggrieved."

West, in the course of his cross-examination, testifies to dealings he held with the Binghamton office in December, 1886; and Bennett testifies that he was in business in the Syracuse office until October, 1886. Fisher testifies that he and Bennett withdrew from

the firm, having sold their interest to Wright, and that this change took place in the latter part of the year 1886, and that from that time in 1886 and during the whole of the year 1887 and until October, 1888, he had no interest in the firm and had nothing to do with it, and that he had no business relation or connection with it during that time whatever. We think the evidence insufficient to maintain the position that the plaintiff's money was received by Fisher and Bennett, and as to them we think the evidence fails to establish a cause of action under the statute upon which the plaintiff's right to recover rests. If the foregoing views are correct, the judgment as to Bennett and Fisher is erroneous, and as to them should be reversed. We have found no prejudicial error in the case as against the defendant Wright.

MARTIN and MERWIN, JJ., concurred.

Judgment as to Bennett and Fisher reversed and a new trial ordered, with costs to abide the event. Judgment appealed from as to Wright affirmed, with costs.