(87 App. Div. 157.)

GEE v. ALVAREZ et al.

(Supreme Court, Appellate Division, First Department. October 23, 1903.)

1. EXAMINATION OF DEFENDANT AS WITNESS BEFORE TRIAL.
   In an action against defendant as surviving partner on a contract to pay plaintiff as salesman a commission on all sales by the firm in certain territory, whether made directly through plaintiff or not, the facts as to amount of sales being known only to defendant, an order for his examination as a witness before trial is proper.

2. SAME—PRODUCTION OF BOOKS.
   An order in an action against one as surviving partner for his examination as a witness before trial should not also provide for his production of the firm books to refresh his memory; Code Civ. Proc. § 872, subd. 7, authorizing such combination in a single order, referring only to the case of the examination of an officer of a corporation. The proper course is a subpœna duces tecum, if on the examination defendant is unable to testify from his memory.

Appeal from Special Term.

Action by Sanford E. Gee against Miguel Alvarez, impleaded. From an order, defendant appeals. Modified.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, HATCH, and LAUGHLIN, JJ.

Charles J. Hardy, for appellant.
Lemuel H. Arnold, for respondent.

PATTERSON, J. This is an appeal from an order denying a motion to vacate an order for the examination of the defendant Alvarez as a witness before trial. The order required the appearance of the defendant at a designated time and place to be examined as a witness, and further required that he produce all the books of the partnership of which he was a member, for the purpose of refreshing his recollection as to certain matters contained therein. The plaintiff sued to recover commissions upon sales of merchandise, under a contract entered into between him and the firm, of which the defendant Alvarez is the surviving member. According to the allegations of the com-

plaint, that contract provided for the employment of the plaintiff as a salesman, under an agreement by which he was to receive 5 per cent. on all sales of goods made by the defendant's firm in the state of New Jersey, in the city of New York and Long Island, whether such sales were made directly by the plaintiff or otherwise. The agreement was afterwards extended so as to cover sales made in the city of Philadelphia. The answer admits the terms of the employment as set out in the complaint.

The plaintiff has sworn that it is necessary, in order to prove his case, that the defendant, the surviving partner, be examined as a witness; that all of the sales made by the plaintiff were entered in the books of the defendant's firm; that the plaintiff did not keep an account or memorandum of sales made by him, and is not able to testify from his own recollection, or otherwise, thereto; and that the facts in regard to the same are known only to the defendant, and can be ascertained only by an examination of such defendant, and by a reference to the books of account.

It is quite apparent that the examination of the defendant is necessary to the establishment of the plaintiff's case, and we think the order for the examination was properly granted. There is, however, a requirement in the order that the defendant Alvarez, on the examination, produce the books of the firm. This requirement, even for the limited purpose mentioned in such order, was not authorized. It is sought to support it by the case of Duffy v. Consolidated Gas Co., 59 App. Div. 580, 69 N. Y. Supp. 635, but that case relates only to the production of books of a corporation, and the order there was made upon the authority of the seventh subdivision of section 872 of the Code of Civil Procedure, which provides for the production of books and papers in specified cases, where an officer or director of a corporation is to be examined. The statute refers only to such a corporation, and the authority to combine in one order a requirement for the examination of a person and the production of books applies only to such a case. Upon the examination of the defendant in this case, if it appears that he is unable to testify from his recollection concerning the various matters to which the examination will properly extend, and that he can answer by reference to his books, the plaintiff may procure the production of the books, to aid the memory of the witness, by the service of a subpœna duces tecum. The Code authority extends only to requiring the defendant to submit to the examination. It does not authorize or allow a commandment in the same order that books and papers be produced for any purpose, and therefore the order appealed from should be modified by striking therefrom the provision that defendant produce such books and papers upon his examination.

As modified, the order will be affirmed, without costs to either party. All concur.