CROMPTON v. DOBBS et al.

(Supreme Court, Appellate Division, First Department. May 31, 1907.)

DISCOVERY—PRODUCTION OF BOOKS—SUBPŒNA DUCES TECUM.

> Where it appears that the nature of the matters concerning which a party is to be examined before trial and his general attitude toward the examination are such that it is reasonably certain that he will not or cannot answer the questions to be propounded to him without reference to his books, a subpœna duces tecum may issue before the examination has begun.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 16, Discovery, § 125.]

Appeal from Special Term, New York County.

Action by William Crompton against Charles G. Dobbs and another. From an order vacating a subpœna duces tecum, plaintiff appeals. Modified and affirmed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, SCOTT, and LAMBERT, JJ.

Louis W. Stotesbury, for appellant.
William Bell Wait, Jr., for respondents.

PER CURIAM. Whenever it appears that a party under examination before trial cannot testify without reference to his books and papers, it is competent to compel their production by subpœna duces tecum. Gee v. Pendas, 87 App. Div. 157, 84 N. Y. Supp. 32. Unless this could be done, the attempted examination would in many cases be defeated. Ordinarily the occasion for the issuance of such a subpœna does not arise until the examination has so far proceeded as to demonstrate that the presence of the books and papers is necessary in order to enable the party under examination to testify. Ryan v. Raagan, 46 App. Div. 523, 62 N. Y. Supp. 39. Where it appears, however, as it does in this case, that the nature of the matters concerning which the party is to be examined and his general attitude toward the examination are such that it is reasonably certain that he will not or cannot answer the questions to be propounded to him without reference to his books, there is no reason why the subpœna should not issue at once. The subpœna should not, therefore, have been wholly vacated. It was, as we think, too broad, and should have been modified, so as to limit its operation, in the first instance at least, to the books, papers, documents, and records in defendant's custody or control showing the persons with whom defendants had the transactions set forth in the moving affidavit, with the date of each transaction and the price or prices at which each was effected. If, as the examination proceeds, the necessity is developed for the production of other books or documents, another subpœna may be issued.

The order appealed from will be modified, in accordance with the views herein expressed, and, as modified, will be affirmed, without costs to either party.

Argued before INGRAHAM, LAUGHLIN, CLARKE, SCOTT, and LAMBERT, JJ.

