(61 Misc. Rep. 79.)

### GRANT et al. v. LEOPOLD et al.

(Supreme Court, Appellate Term. November 30, 1908.)

1. DISCOVERY (§ 41*)—SUBJECT-MATTER OF EXAMINATION—MATERIALITY.

In an action to recover money paid as margin on stock transactions, on the ground that defendants operated a "bucket shop," and that the transactions were void as wagering contracts, an order for the examination of one of the defendants before trial as to the manner in which defendants conducted their business, and as to circumstances that would tend to prove that there was no real purchase or sale by them, was proper.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 54; Dec. Dig. § 41.*]

2. DISCOVERY (§ 58*)—EXAMINATION OF PARTY BEFORE TRIAL — ISSUANCE OF SUBPŒNA DUCES TECUM.

An order for the examination of a party before trial may provide for the issuance of a subpœna duces tecum.

[Ed. Note.—For other cases, see Discovery, Dec. Dig. § 58.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from City Court of New York.

Action by William M. Grant and another, copartners, against James M. Leopold and another, copartners. From an order denying defendants' motion to vacate an order for the examination of one of the defendants before trial, defendants appeal. Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Edmond E. Wise (Walter P. Frank, of counsel), for appellants. Jacob Friedman, for respondents.

PER CURIAM. This is an appeal from an order denying defendants' motion to vacate an order for the examination of one of the defendants before trial. The action is to recover $400 paid by plaintiffs to defendants as margin on stock transactions. It is plaintiffs' claim that defendants operated a "bucket shop" and never really purchased or sold stock for plaintiffs, nor was it ever intended that they should by either party, and that the transaction was a mere wagering contract, and therefore void. Defendants claim that they actually purchased and sold stock for plaintiffs and did a bona fide brokerage business.

It seems, from the affidavits, that the plaintiffs wish to prove by the defendant James M. Leopold some of the facts alleged in their complaint by showing what was actually done, and the manner in which the defendants conducted their business, and all circumstances that may tend to prove that there was no real purchase or sale made by them, all of which would be material to the plaintiffs' case and might be in support thereof. Peck v. Doran, 57 Hun, 343, 10 N. Y. Supp. 401; Kenyon v. Luther, 50 Hun, 602, 4 N. Y. Supp. 498. The claim that the order is erroneous in that it contains a direction for the production of books and papers is without force. The order does not contain such a direction. There is a provision in the order for the issuance of a subpœna duces tecum which is sanctioned by Crompton v. Dobbs, 119 App. Div. 331, 104 N. Y. Supp. 698.

The order should be affirmed, with $10 costs and disbursements.