SHERMAN v. EINHORN et al. (No. 5962.)

(Supreme Court, Appellate Division, First Department. June 12, 1914.)

1. DISCOVERY (§ 41*)—PARTIES—EXAMINATION BEFORE TRIAL—SCOPE.

Where, in a suit for breach of an employment contract, plaintiff alleged that he was employed at a salary of $50 per week, plus 5 per cent. commission on all sales and reorders procured by him directly or indirectly in certain cities and their vicinity, a motion for defendant's examination before trial, concerning orders and sales of merchandise accepted by defendants from customers in cities referred to and their vicinity, should have been limited to sales or orders in which plaintiff was interested or those made or procured by him directly or indirectly.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 54; Dec. Dig. § 41.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. DISCOVERY (§ 99*)—EXAMINATION OF PARTY BEFORE TRIAL—BOOKS AND PA-
PERS—PRODUCTION.

Code Civ. Proc. § 873, providing for the examination of a party before
trial, does not contemplate a provision in the order requiring the produc-
tion of books and papers.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 132; Dec. Dig.
§ 99.*]

3. WITNESSES (§ 16*)—EXAMINATION BEFORE TRIAL—BOOKS AND PAPERS—
PRODUCTION—SUBPŒNA DUCES TECUM.

On an examination of a party before trial, as authorized by Code Civ.
Proc. § 873, if it appears that defendant is unable to testify from recol-
lection concerning the matters proper to be examined, and that he can
answer by referring to books, plaintiff may procure their production to
aid the memory of the witness by a subpœna duces tecum.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 19–27; Dec.
Dig. § 16.*]

Appeal from Special Term, New York County.

Action by Herman T. Sherman against Samuel Einhorn and anoth-
er. From an order denying a motion to vacate or modify an order for
the examination of one of the defendants before trial, they appeal.
Modified and affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-
LIN, CLARKE, and SCOTT, JJ.

Morris Cukor, of New York City, for appellants.
Jacob M. Schoenfeld, of New York City, for respondent.

McLAUGHLIN, J. Action to recover damages for breach of a
contract of employment; plaintiff alleging that defendants employed
him as a manager and salesman at a salary of $50 per week, plus 5
per cent. commission on all sales and reorders made and procured by
him directly or indirectly in certain cities and their vicinity. The an-
swer admitted that, during the time mentioned, plaintiff was in the em-
ploy of defendants as general clerk and salesman, and as such made
and procured certain sales and reorders of defendants' merchandise,
for which he was paid $50 a week, denied the other material allega-
tions of the complaint, and alleged, as a separate defense, payment in
full for all service rendered by him. After issue had been joined, the
plaintiff obtained ex parte an order directing one of the defendants to
submit to an examination as an adverse party, before trial, concern-
ing the orders for sales of merchandise accepted by defendants from
various persons, firms, or corporations in the cities referred to and
their vicinity, and the persons to whom, and the dates when, said
sales were made, also to produce, for the purpose of such examination,
certain specified books relating to their business. The defendant
moved to vacate the order or, in the alternative, to modify it by limit-
ing the examination to the sales and reorders made and procured by
the plaintiff directly or indirectly and by striking therefrom the provi-
sion requiring the production of the books and papers.

[1] I think the motion to modify should have been granted. The
only sales or orders in which the plaintiff is interested are those made
or procured by him directly or indirectly, and the examination should

be limited thereto. The plaintiff has no interest, according to the allegations of the complaint, in the orders accepted by the defendants from other persons, firms, or corporations. It would therefore serve no useful purpose to permit an examination as to them.

[2] The provision requiring the production of books and papers is not authorized by the section of the statute under which the order for the examination was permitted. Section 873, Code of Civil Procedure.

[3] Upon the examination, if it appears that defendant is unable to testify from his recollection concerning the matters to which the examination is permitted, and that he can answer by referring to the books, then plaintiff may procure their production to aid the memory of the witness by the service of a subpœna duces tecum. The section of the Code to which reference has been made only requires defendant to submit to the examination. It does not authorize a direction requiring the party to be examined to produce books and papers for any purpose. Gee v. Pendas, 87 App. Div. 157, 84 N. Y. Supp. 32; Matter of Sands, 98 App. Div. 148, 90 N. Y. Supp. 749; Novelty Co. v. Lindenborn, 122 App. Div. 885, 106 N. Y. Supp. 508.

The order appealed from, therefore, is modified as above indicated, and, as so modified, affirmed, with $10 costs and disbursements to the appellants.

LAUGHLIN, CLARKE, and SCOTT, JJ., concur. INGRAHAM, P. J., concurs in result.