Mary B. Hughes, Respondent, v. Grace N. Hughes and Others, Respondents, and Cora C. Hughes, Appellant.— Interlocutory judgment affirmed, with costs. No opinion. Jenks, P. J., Burr, Thomas, Stapleton and Putnam, JJ., concurred.

Charles Oswald, Respondent, v. Fred R. Bagg and Others, Defendants, and Maynard C. Perkins and Others, Appellants.— Judgment of foreclosure and sale affirmed, with costs. The evidence failed to make out any valid and binding agreement to extend the mortgage. The matters shown by the testimony of appellant Irvin did not rise above negotiations and offers never accepted. On the same morning that Mr. Pracht, who acted for plaintiff, had told Mr. Irvin that his proposal would not be accepted, the unsigned pencil memorandum on an envelope was handed to plaintiff at the elevated railroad station. Clearly this was only an offer, a tentative proposal from one side only, never accepted, as appears from the subsequent letters and interviews. The learned justice at Special Term, therefore, rightly held that no defense or counterclaim had been made out and that plaintiff was entitled to a foreclosure judgment. Jenks, P. J., Thomas, Carr, Stapleton and Putnam, JJ., concurred.

People's National Bank of Brooklyn, in New York, Respondent, v. Lucia H. Manneschmidt, Appellant. Jacob Manneschmidt, Jr., Defendant. — Judgment affirmed, with costs. No opinion. Jenks, P. J., Thomas, Carr, Stapleton and Putnam, JJ., concurred.

The United States Drainage and Irrigation Company, Respondent, v. Fred Hawley and William J. Moran, Appellants, and Others, Defendants.— Order affirmed, with ten dollars costs and disbursements. Plaintiff's moving papers showed sufficient grounds to examine defendants Hawley and Moran under section 872 of the Code of Civil Procedure. By such means plaintiff can find out for whom these defendants acted and ascertain the persons who entered into this arrangement or association for draining

these marshes. (*Mason* v. *N. Y. Review Publishing Co.*, 154 App. Div. 651; *Alden* v. *O'Brien*, 138 id. 249.) The affidavit gave the residence of the present defendants Hawley and Moran. It was unnecessary to set forth the residence of others named as defendants but not yet served with process. The order providing for issue of a subpoena *duces tecum*, if it became necessary, was in proper form. (*Crompton* v. *Dobbs*, 119 App. Div. 331.) Jenks, P. J., Thomas, Stapleton, Rich and Putnam, JJ., concurred.

Morris Zwerling, Appellant, v. Frederick Neugass, Respondent.— Judgment affirmed, with costs. No opinion. Jenks, P. J., Thomas, Carr, Rich and Putnam, JJ., concurred.